This is an action by Lawrence C. Tunnage, the owner of a house in New Orleans, to recover from the owners, Robert S.E.ddy, Jr., Robert S. Eddy, III, Fergus Hathorn Eddy and Tom G. Eddy, of an adjoining lot and from Lionel F. Favret, the lessee of the lot, for damages sustained by the house, and also for personal injuries and incidental expenses, all of which are alleged to have resulted from the fall of a part of a wall which was being erected on the dividing line by Favret, the lessee.
The suit, as against the Eddys, the owners of the adjoining property, was dismissed on exceptions of no cause and no right of action, and plaintiff has appealed.
The suit, as against Favret, the lessee, is still pending in the Civil District Court for the Parish of Orleans.
Since the suit against the owners is now before us on the exceptions, we must assume that the allegations of the petition set forth the true facts.
Plaintiff alleges that he is the owner of a piece of improved real estate, identified by the municipal numbers 2717-2719 Lafitte Street, in New Orleans, and that the Eddys, the exceptors, are the owners of the adjoining property; that on November 21, 1947, the exceptors entered into an agreement with Lionel F. Favret under which they leased their property to Favret for twelve months, and that the lease agreement contained a provision under which Favret was granted an option to purchase the property at a stipulated price at the expiration of the lease, and that this lease or agreement was registered in the Conveyance Office for the Parish of Orleans.
Plaintiff further alleges that on January 24, 1947, he received a letter from Favret, referring to the property of exceptors, which property was under lease to Favret, as his property and in which he stated that he desired to erect a masonry wall, the exterior face of which would be on the mutual property line, and that in order to do so, it was necessary to extend the subsurface concrete footing ten inches beyond the property line on plaintiff's side. In this letter Favret asked that the plaintiff give his permission that the said footing encroach ten inches on his property.
Plaintiff further alleges that he gave this permission and that the construction of this wall was commenced, and that, in the course of construction, a part of the wall collapsed and fell "in the direction and upon petitioner's house * * *," and that as a result the house and contents were damaged. And in a supplemental *Page 384 
petition he alleges that he himself sustained physical injuries, and that he was required to purchase certain medicines for himself and for his wife. He further alleges that one of the causes of the falling of the wall was that the end of the wall, which was being built last, "was not tied to any wall nor support, and not supported by any means whatsoever," and he also alleges "that the falling of said concrete wall was due entirely to defendants' disregard of their obligation to petitioner not to use his property in such a manner as not to cause damages to petitioner and his property, and in disregard of defendants' obligation to keep their building in proper construction and repair so that neither its fall, nor any part of the material composing same may injure the neighbor or damage his property."
It is the contention of plaintiff that regardless of the cause of the fall of the wall, the owners of the adjacent property are made liable for the results of its collapse by reason of the effect of certain articles of our Civil Code, which are found under the heading: "Of Servitudes Imposed by Law", Book II, Chapter 3, Title IV of the Revised Civil Code, and also as a result of the effect of Articles 2315 and 2322.
Of those articles, the ones on which plaintiff principally relies in his contention that the exceptions should be overruled, are, 666, 667 and 670. Plaintiff maintains that, as a result of these articles, the mere ownership of the adjacent property renders the exceptors liable to the plaintiff, regardless of whether or not they were in any way at fault.
It is the contention of the exceptors that these articles have no application, unless it be shown that there was fault on their part; in other words, that the owner of property is not liable to an adjoining property owner for what may occur on that property and which may cause damage, unless the occurrence can be said to have resulted from the fault of the owner of the property.
On a first reading of the decision of our Supreme Court in Devoke v. Yazoo M. V. R. Co., 211 La. 729, 30 So.2d 816, 820, it may appear that it is a holding that the owner of property, regardless of lack of fault, may be held liable to an adjacent property owner for damages sustained as a result of what may occur on the property of the former. The Yazoo Mississippi Valley Railroad Company was made defendant by numerous owners of property adjacent to a locomotive roundhouse operated by the railroad company in Bossier City, Louisiana. The damages were alleged to have resulted from smoke and odors emanating from the roundhouse. The Supreme Court said that the question of liability was governed by those articles of the Code to which we have referred and which appear under the heading of "Servitudes Imposed by Law," and, after making that statement, added this: "Clearly, therefore, the plaintiffs' action is not one in tort, but, rather, one that springs from an obligation imposed upon property owners by the operation of law so that all may enjoy the maximum of liberty in the use and enjoyment of their respective properties."
The Court held that the defendant was liable to the plaintiffs. This might seem to be a clear holding that a property owner is made liable for whatever may occur on his property, regardless of lack of fault on his part, if the occurrence causes damage to an adjoining property owner. But when we read carefully the facts of that case, together with what was said in another case which was a forerunner thereof, to wit, McGee v. Yazoo M. V. R. Co., 206 La. 121,19 So.2d 21, we find that, as a matter of fact, the defendant railroad was not the owner of the property on which the cause of the damage originated but was in fact, only the lessee of that property. In truth, then, the decisions in those two cases merely held the lessee liable for damages resulting from its own actions.
There are numerous decisions in our jurisprudence touching upon the effect of those articles, and there is found considerable support for the view that the owner of property is liable, regardless of lack of fault on his part. *Page 385 
We have great respect for the views of Professor Ferdinand Fairfax Stone, and we have given careful consideration to his article, "Tort Doctrine in Louisiana," which appears in Tulane Law Review, Vol. XVII, page 159, and also to his article, "The Loesch Case and Article 667," to be found on page 596, also of Tulane Law Review, Vol. XVII, in which he expresses disapproval of the opinion of this court in Loesch v. R. P. Farnsworth 
Co., 12 So.2d 222. And we conclude from these articles that Professor Stone is of the opinion that the owner of property is liable for the results of what may occur on his property, regardless of fault on his part. We take this opportunity to say that we did not hold to the contrary in the Loesch case. As a matter of fact, it was not necessary that we consider the possible liability of the owner of the property, for that suit was against the contractor alone for damage sustained as a result of vibration caused by the driving of piles by the contractor on the property of the owner of the land. The owner was not sued and it was sought to hold the contractor liable under Article 2324, which renders liable him who may assist the owner in doing an unlawful act which causes damage. It may be that under the above referred to articles of the Code an owner may be held liable, but in the Loesch case we said that the mere fact that the owner might be held liable did not render the contractor liable under Article 2324, unless the act which the owner was committing not only made him liable, but was unlawful.
We now cite Professor Stone and the Devoke and McGee cases to show that there is support for the view that mere ownership of the adjoining land may render the owner liable.
On the other hand, there is also support for the view that the owner, regardless of what the pertinent articles may seem to provide, is not liable unless the damage sustained by the adjoining property owner is caused by fault or negligence of the former. For instance, in Muller v. Stone et al., 27 La. Ann. 123, it was held that since the damage was caused by fault of the lessee, the owner of the property was not liable for damage sustained by the adjacent property owners. The Court said: "* * * The proprietor of a building leased to a tenant, it has been held, is not liable in damages to third parties resulting from the use to which the tenant may put the leased property unless it be shown that at the time the lease was made he knew the uses and purposes the tenant would apply it to, and that such use from the nature of the business would prove a nuisance. * *"
Counsel for exceptors points also to Fischer v. Wells Fargo Co. Express, 143 La. 1081, 79 So. 868, and says that it is clearly a holding that an owner of property is not made liable merely by the fact of ownership.
We are relieved to find that we deem it unnecessary to delve further into this vexing question, i.e., whether ownership alone renders the owner liable for such damage as may be sustained as a result of what occurs on his property, because we find in the petition here allegations which, if true, might make the owners liable because of fault on their part, or, at any rate, might place upon them the obligation of proving themselves free of fault.
It will be noted that the petitioner charges that the damage resulted from the failure of the owner to keep the building in repair and also charges that the wall collapsed because of the way in which it was constructed, and also as a result of the fault of the owner in failing to use the property so as not to cause damage to others. It may be that evidence is available in support of these allegations, and if so, there might be liability in the owners because of fault on their part and this regardless of whether, by Article 667 et seq., they are made liable merely by reason of ownership. When we come to consider what evidence may be available and which party is under the obligation of introducing the evidence, we feel that because of the effect of the doctrine of res ipsa loquitur, the plaintiff, having charged general negligence in the exceptors, the exceptors would be required to explain the occurrence which caused the alleged damage and to show that that occurrence was not chargeable *Page 386 
to them. We say this because it is obvious that the allegations bring the matter squarely within the rule announced in, and consistently followed since Lykiardopoulo v. New Orleans C. R. Light Power Co., 127 La. 309, 53 So. 575, Ann. Cas.1912A, 976.
We, therefore, conclude that the claim against the exceptors should not have been dismissed on the exceptions, and that the matter should be remanded to the Civil District Court for the Parish of Orleans for the introduction of such evidence as may be available touching upon the question of the ownership of the wall and the fault, if any, which may have caused its collapse. When this evidence is before the court it will be in better position to determine whether the exceptors are liable by reason of fault or whether they are liable regardless of fault.
We do not see that the situation, as between the plaintiff and the exceptors, is in any way affected by the fact that the lessee, in his letter to the plaintiff, requesting permission to encroach ten inches on plaintiff's property, referred to himself as the owner of the adjoining property.
It is not alleged that the exceptors had anything to do with the writing of that letter. Furthermore, had the plaintiff desired to do so, he could have obtained from the Conveyance Records the true status of the title of the property which adjoined his, and he could have discovered, in the Conveyance Office, that the exceptors, the Eddys, owned the property and that it was under lease to Favret, the other defendant.
The judgment appealed from is annulled, avoided and reversed; the exceptions of no cause and no right of action are overruled, and the matter is remanded to the Civil District Court for the Parish of Orleans for further proceedings, according to law and not inconsistent with the views herein expressed; exceptors to pay the costs of this appeal, all other costs to await final determination.
Reversed and remanded. *Page 545