50 So.2d 495 (1951)
HAUCK
v.
BRUNET.
No. 19622.
Court of Appeal of Louisiana, Orleans.
February 12, 1951.
*496 Joseph Rosenberg, New Orleans, for plaintiff and appellee.
J. J. Jackson, New Orleans, for defendant and appellant.
McBRIDE, Judge.
Plaintiff sued Cornelius Brunet, defendant, for recovery of the cost of making repairs to plaintiff's five-room double house, alleging that the repairs were necessary because of damage which the house had sustained as a result of the negligent manner in which piles, which were to serve as a foundation for a building, were driven on defendant's property. The evidence discloses that plaintiff's house is located within a radius of from fifty to one hundred feet from defendant's property, and in the same square. It is charged that the work was performed by one Montague, who was defendant's contractor; that the damage to plaintiff's house resulted from "vibration and concussion" caused by the driving of the piles; and that neither defendant nor his contractor took any steps whatever to safeguard plaintiff's property from exposure to damage during the course of the work. Plaintiff claimed $500.00, and recovered judgment therefor, and defendant has appealed.
Thirty piles, each having a length of twenty-five feet, were driven on defendant's property by the employees of Montague, by means of a drop hammer weighing, about twelve hundred pounds. The evidence shows that considerable vibration was caused, and that the plaster in plaintiff's house was damaged to the extent of $500.00.
It is the contention of plaintiff that the liability of defendant flows from the provisions of art. 667, R.C.C., which reads as follows: "Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him."
Counsel for defendant contends that Brunet had the right to have the piles driven on his property, and our attention is called to art. 491, R.C.C., which provides in part: "Perfect ownership gives the right to use, to enjoy and to dispose of one's property in the most unlimited manner, provided it is not used in any way prohibited by laws or ordinances."
Montague's testimony shows that the piles were driven in the usual and customary manner, and that he had no reason whatever to anticipate or foresee any possible damage as a result of the work or from the manner in which the work was done.
Counsel argues that unless plaintiff can bring his case within the purview of art. 2315, R.C.C., he is confronted with the doctrine of damnum absque injuria, and is not entitled to a recovery, and that plaintiff having failed to show negligence on the part of Brunet or his contractor, Montague, art. 2315 is inapplicable.
*497 Defendant seems to rely on the provisions of R.C.C. art. 668, which, in part, reads thus: "Although one be not at liberty to make any work by which his neighbor's buildings may be damaged, yet every one has the liberty of doing on his own ground whatsoever he pleases, although it should occasion some inconvenience to his neighbor."
In the jurisprudence of this state, there are two cases involving claims by adjoining property owners for damages caused by the driving of piles, but neither of the cases, in principle, is similar to the instant one.
In Egan v. Hotel Grunewald Co., 129 La. 163, 55 So. 750, 752, the aggrieved neighbor was allowed to recover from both the owner and the contractor, on the theory that they were joint tort-feasors; but liability resulted from the fact that when the contractor discovered that the plans were "erroneously drawn," he accepted and carried out instructions of the architect of the owner to drive the piles so close to the property of plaintiff that they were, in fact, "driven exactly against the last brick offset" and displaced the earth surrounding the work. In other words, the court found that the piles were negligently driven, and that the negligence was attributable both to the owner of the property on which the work was done, and to his contractor.
In the other case, Loesch v. R. P. Farnsworth & Co., La.App., 12 So.2d 222, which was decided by this court, the contractor, and not the owner, was made the defendant. It was shown that the contracting company, after having obtained the necessary municipal permits, carried out the work properly and without negligence, in accordance with the plans furnished by the owner, and that there was no reason for anticipating that damage would result to neighboring properties. In absolving the defendant, we held that a contractor who is not negligent, doing a lawful work, and following instructions of the architect of his principal, is not liable for resulting damages, unless he performs work which he must know will cause damage.
Article 667, R.C.C., which is the embodiment of the legal maxim, sic utere tuo, ut alienum non laedas (so use your own, that you injure not another's property), is full and complete authority for adjudicating the instant case. It is true that art. 491, R.C.C., provides that one having perfect ownership of property has the right to use, to enjoy and dispose of it in the most unlimited manner, provided it is not used in any way prohibited by laws or ordinances, and that art. 667, R.C.C., invests a proprietor with the right of doing with his estate whatsoever he chooses. It seems paradoxical to say that the exercise of a legal right by one can amount to a legal wrong, but the latter article emphatically places the onus on a proprietor of making upon his property no work which may be the cause of damage to his neighbor's property, and by virtue of the article, the plaintiff possessed the unqualified statutory right not to be damaged by the driving of the piles on Brunet's land. This being so, to be successful in his suit, we do not think that it was at all necessary for plaintiff to adduce proof that Brunet or his contractor acted either unlawfully, negligently or intentionally in performing their work. Under the unambiguous provisions of the article, the damage itself to the neighboring property constituted faultthe fault of Brunetfor which he is responsible, even in the absence of any showing of negligence on his part. Article 668, R.C.C., upon which defendant seems to rely, has no applicability here.
Defendant's attorney also advances the proposition that Montague was the independent contractor of Brunet, and maintains that under the law an owner is not ordinarily liable for the acts of an independent contractor, and can only be said to be liable where the work itself is inherently dangerous, or where inherently dangerous instrumentalities are used.
The best answer to this contention is that art. 667, R.C.C., emphatically enjoins a proprietor not to make any work on his estate which may be the cause of damage to his neighbor, and merely through the medium of an independent contractor, the proprietor cannot relieve himself from the nondelegable duty which he owes to his *498 neighbor, and he is nontheless liable for damages to his neighbor's property.
Plaintiff proved the damage to his property, also the cost of repairing the same, and the judgment appealed from is, therefore, affirmed.
Affirmed.