142 So.2d 50 (1962)
Mrs. Hilda A. SELLE, widow of George O. Selle
v.
Peter T. KLEAMENAKIS et al.
No. 585.
Court of Appeal of Louisiana, Fourth Circuit.
June 4, 1962.
David H. MacHauer, New Orleans, for plaintiff-appellee.
Roy F. Cook, New Orleans, for defendants-appellants.
Before McBRIDE. YARRUT and JOHNSON, JJ.
YARRUT, Judge.
Plaintiff sues the owners of the property adjoining her home, as well as their piledriving contractor, to recover damage for injury to the inside walls, ceiling and bathroom tiling in her home, allegedly caused by the pile-driving operation.
Defendants filed a plea of prescription of one year which was overruled; whereupon, answer was filed admitting ownership of the property, the pile-driving, but denying responsibility for the damage to Plaintiff's home.
Judgment was rendered in solido only against the owners, for $680.50, from which they have taken this appeal.
*51 As the only Appellants are the owners of the property, their liability is fixed by LSA-C.C. Art. 667, reading:
"Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him."
Therefore, Plaintiff can recover if she proves her damage was caused by the pile-driving, whether or not Defendant-owners were guilty of fault. In such case, the owners are liable without fault, if causation is proved. LSA-C.C. Art. 667, quoted supra; Elysian Cocktail Lounge and Restaurant v. Sciambra & Masino, Inc., La. App., 124 So.2d 149; Bruno v. Employers' Liability Assur. Corp., La.App., 67 So.2d 920; Hauck v. Brunet, La.App., 50 So.2d 495.
The plea of prescription appears to have been abandoned, not having been urged here, hence the case on appeal must be considered only on its merits.
On the merits, the testimony preponderates that the vibrations from the pile-driving caused or aggravated the damage. Notwithstanding Plaintiff's residence was on a main highway, and Plaintiff admitted vibrations from traffic could be felt, no visible damage resulted nor appeared until the pile-driving operation began a few feet away.
Two artisans who examined the damage, estimated the cost of repair and painting would total $680.50.
Defendants offered insufficient evidence to overcome Plaintiff's proof of causation, and the cost of repair. Defendants' liability depends on proof of causation only, even without fault.
For the reasons assigned, the judgment of the district court is affirmed; Defendants to pay costs in both courts.
Affirmed.