170 So.2d 125 (1964)
GULF INSURANCE COMPANY
v.
EMPLOYERS LIABILITY ASSURANCE CORPORATION, Ltd., et al.
No. 1583.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 1964.
Rehearing Denied January 11, 1965.
*126 H. F. Foster, III, Ernest L. O'Bannon, Bienvenu & Culver, New Orleans, for plaintiff-appellant.
Drury & Lozes, Felicien P. Lozes, New Orleans, for defendants and exceptors-appellees.
Before REGAN, CHASEZ and HALL, JJ.
HALL, Judge.
Plaintiff, as the subrogated insurer of Isadore H. Rappoport under a comprehensive dwelling policy, filed this suit on December 11, 1963 alleging that during the month of November 1961 the home of its insured, Rappoport, was damaged by the pile-driving operations of a contractor in the course of constructing a gymnasium on adjoining property owned by the congregation of St. Raphael Archangel Roman Catholic Church.
The defendants are the Church and its insurer. Plaintiff's cause of action is based squarely on the provisions of LSA-C.C. Art. 667 which reads as follows:
"Art. 667. Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him."
Defendants filed a plea of prescription of one year under Article 3536 of the Revised Civil Code (LSA-C.C. Art. 3536) which was maintained by the District Judge and plaintiff's suit was dismissed. Plaintiff prosecutes this appeal from that judgment.
The single question presented for our determination is whether a cause of action for damages based on Civil Code Article 667 prescribes in one year, as contended by defendants, or whether it prescribes in ten years as contended by plaintiff. The answer depends upon whether such a cause of action arises ex delicto or whether it arises ex contractu.
If it arises ex delicto it is governed by the prescription of one year under LSA-C.C. Article 3536 which reads in part:
"Art. 3536. The following actions are also prescribed by one year:
"That for * * * damages * * * resulting from offenses or quasi offenses."
*127 If it arises ex contractu it is governed by the prescription of ten years provided by LSA-C.C. Art. 3544:
"Art. 3544. In general, all personal actions, except those before enumerated, are prescribed by ten years."
Obligations arising ex delicto (both offenses and quasi offenses) are treated of in LSA-C.C. Art. 2315:
"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; * * *." (Emphasis supplied.)
Quasi contracts are defined by LSA-C.C. Art. 2293 as follows:
"Quasi contracts are the lawful and purely voluntary act of a man, from which there results any obligation whatever to a third person, and sometimes a reciprocal obligation between the parties."
Is the violation of the prohibition contained in Article 667 not to make any work on one's property which may cause damage to one's neighbor a "fault" within the meaning of Article 2315 or is it an instance of "liability without fault" and therefore not an offense or quasi offense?
While negligence is an example of "fault" within the meaning of Article 2315, it is well settled that the obligation imposed upon proprietors by Article 667 is absolute and that proof of negligence is not required in order to recover for a violation or breach thereof. (See Selle v. Kleamenakis, La.App., 142 So.2d 50, 51; Bruno v. Employers' Liability Assur. Corp. Limited, La.App., 67 So.2d 920; Hauck v. Brunet, La.App., 50 So.2d 495). However, the precise question presented to us has never been decided by any of our appellate courts.
Plaintiff, contending that a violation of Article 667 is an instance of "liability without fault" relies upon language contained in a number of cases going back to Loesch v. R. P. Farnsworth & Co., La.App., 12 So.2d 222. In that case plaintiff sued the pile driving contractornot the landowner for damages resulting from the defendant contractor's pile driving operations. When it appeared that the contractor's operations were in no manner negligent, plaintiff conceived an ingenious argument that the landowner's use of his property in having piles driven was a tort, that it resulted in damage, and therefore the contractor was a joint tort-feasor liable as such solidarily with the landowner under the provisions of LSA-C.C. Art. 2324 which reads:
"Art. 2324. He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act."
Although the opinion in Loesch spoke of "liability without fault" and used language clearly indicating the thought that the liability created by Article 667 was a contractual and not a tort liability, and seemed to disagree in that respect with the views expressed by Professor Stone in 17 Tulane Law Review, 179, the Court did not base its decision on that ground. What the Court actually decided in Loesch was that even if the act of the landowner in causing the piles to be driven could technically be characterized as a tort, it could not be characterized as "unlawful" within the meaning of Article 2324. All other discussions in the case are obiter dicta. (see the Court's later opinion in Tunnage v. Eddy, La.App., 42 So.2d 382, 385.)
Subsequent to the Loesch decision Professor Stone in an article in 17 Tulane Law Review, 596, discussed critically some of the language used by the Court, saying in part:
"* * * It is the interpretation of this author that Article 667 sets the duty owed by adjoining land owners and that breach of that duty set out by Article 667 constitutes fault under Article 2315 and so gives rise to an action *128 for damages. There is precedent for this interpretation in Judge Porterie's reading of Article 660 with Article 2315 in the Maddox case [Maddox v. International Paper Co., D.C.]. (47 F.Supp. 829) * * * Thus the opinion of this writer is not that Article 667 is an illustration of "liability without fault" as the opinion of the court seems to indicate, but rather that Article 667 is the statement of what constitutes fault in the case of adjoining land owners."
In a later case (Hauck v. Brunet, 50 So.2d 495) this Court in discussing Article 667 gave credence to Professor Stone's theory stating:
"* * * It seems paradoxical to say that the exercise of a legal right by one can amount to a legal wrong, but the * * * article emphatically places the onus on a proprietor of making upon his property no work which may be the cause of damage to his neighbor's property, and by virtue of the article, the plaintiff possessed the unqualified statutory right not to be damaged by the driving of the piles on Brunet's land. This being so, to be successful in his suit, we do not think that it was at all necessary for plaintiff to adduce proof that Brunet or his contractor acted either unlawfully, negligently or intentionally in performing their work. Under the unambiguous provisions of the article, the damage itself to the neighboring property constituted faultthe fault of Brunet for which he is responsible, even in the absence of any showing of negligence on his part." (Emphasis supplied.)
This language was quoted with approval in Bruno v. Employers' Liability Assur. Corp. Limited, La.App., 67 So.2d 920, 923.
In Briley v. Mitchell, 238 La. 551, 115 So.2d 851, the Supreme Court applied this theory of tort liability, without requiring proof of negligence, to an owner of a wild beast under LSA-C.C. Art. 2321 which reads in part: "The owner of an animal is answerable for the damage he has caused * * *."
Plaintiff cites the cases of Devoke v. Yazoo & M. V. R. Co., 211 La. 729, 30 So. 2d 816, and Fontenot v. Magnolia Petroleum Co., 227 La. 866, 80 So.2d 845, in support of its contention that the obligation created by Article 667 is quasi contractual in nature, and that a breach thereof is not an offense or quasi-offense.
In Devoke the plaintiff sued for damages suffered as a result of a nuisance maintained by the defendant railroad. After referring to Civil Code Articles 666, 667 and 668 the Court used the following language:
"Clearly, therefore, the plaintiffs' action is not one in tort, but, rather, one that springs from an obligation imposed upon property owners by the operation of law so that all may enjoy the maximum of liberty in the use and enjoyment of their respective properties."
However the Court showed very clearly that it relied upon a recovery in tort by quoting from Winfield's Textbook of the Law of Tort, to the effect that maintaining a nuisance is a tort although a person who creates or maintains a nuisance is liable regardless of negligence. Moreover, as pointed out in Tunnage v. Eddy, supra Article 667 had no application in Devoke because the defendant railroad was not the owner of the property on which the cause of the damage originated, but only the lessee thereof.
In Fontenot the Supreme Court used somewhat the same language as Devoke but Article 667 likewise had no application there because apparently neither of the defendants were owners of the property whereon the geographical explorations were conducted.
Plaintiff contends that a tort arises out of a breach of duty owed to the whole *129 world, but if the obligation breached is a special or limited obligation it is personal and contractual or quasi contractual in nature. Therefore, plaintiff contends, since the duty of a land owner under Article 667 is not to the whole world but is limited to his "neighbors" it is quasi contractual duty. Plaintiff cites in this connection the case of Dawkins v. Mitchell, 149 La. 1038, 90 So. 396.
In Dawkins the Court held that the directors of a bank owed a special obligation to the bank and to the stockholders arising out of an implied trust, and that this obligation was quasi contractual because it was not owed to everyone.
We are of the opinion that the obligation imposed upon land owners by Article 667, is an obligation owed to an indefinite class of persons and is therefore not a special obligation to particular persons such as we have in Dawkins. We are of the further opinion that the word "neighbor" as used in Article 667 is indefinite and refers to any land owner whose property may be damaged irrespective of the distance his property may be from that of the proprietor whose work caused the damage. It is not different from the duty spoken of in tort actions as being "owed to the whole world," which simply means a duty owed to the class of persons who may be injured thereby.
All of the decisions heretofore rendered seem to have granted tort damages for the violation of Article 667 but none of them have apparently decided that it was or was not a tort.
It is our opinion that the violation of the duty set out by Article 667 constitutes "fault" within the meaning of Article 2315, or as said in Hauck v. Brunet supra "the damage itself to the neighboring property constituted fault."
As we analyze the cases in which the expression "liability without fault" has been used, we are of the opinion that what was really meant was "liability without negligence." We are therefore of the opinion that an action based on Civil Code Article 667 prescribes in one year under the provisions of Civil Code Article 3536.
For the foregoing reasons the judgment appealed from is affirmed; appellant to pay costs of both courts.
Affirmed.