McCALEB, Justice
(concurring).
It is my opinion that a suit for damages sustained as a result of a defendant’s violation of the obligation imposed on him by Article 667 of the Civil Code is a personal action governed by the prescription of ten years provided by Article 3544 of the Civil Code. It is not an action in tort, as otherwise indicated by the decision of the Court of Appeal, Fourth Circuit, in Gulf Insurance Co. v. Employers Liability Assur. Corp., La.App., 170 So.2d 125, which prescribes in one year under Article 3536 of the Civil Code. But the obligation of a landowner to his neighbor for the damages he has caused to the latter’s estate as a result of work done on his own property is not founded on fault; it is, as this Court has often stated, a doctrine of strict liability which does not depend upon deliction. Devoke v. Yazoo & M. V. R. Co., 211 La. 729, 30 So.2d 816; Fontenot v. Magnolia Petroleum Co., 227 La. 866, 80 So.2d 845; Gotreaux v. Gary, 232 La. 373, 94 So.2d 293.
This being so, it seems patent that the action of the damaged landowner stems from an implied contract, i e., a quasi contract for the violation of an obligation imposed by law. Article 2292 of the Civil Code provides in part:
“Certain obligations are contracted without any agreement, either on the part of the person bound, or of him in whose favor the obligation takes place.
“Some are imposed by the sole authority of the laws, others from an act done by the party obliged, or in his favor.
“The first are such engagements as result from tutorship, curatorship, neighborhood, common property, * * * and other cases of a like nature.” (Emphasis mine)
Accordingly, it is manifest that the obligation imposed on the landowner by Article 667, not to use his property in any way so as to cause injury to his neighbor’s land, is a personal obligation which, when violated, gives rise to a cause of action on a quasi contract prescribable only in ten years.
I respectfully concur in the decree.