LOTTINGER, Judge.
This is an action for damages arising out of construction activities taking place on neighboring property. Plaintiff, Union Federal Savings & Loan Association, sues the 451 Florida Corporation, hereinafter sometimes referred to as 451. The defendant, 451, is the owner of a tract of land in the City of Baton Rouge, State of Louisiana, on which tract of land is located a structure commonly referred to as the New Louisiana National Bank Building.
In its petition plaintiff contends:
“ 7.
During the course of construction, certain activities hereinafter referred to as ‘construction activities’ were carried out by the defendant (451 Florida Corporation), including the movement of dirt and sand, the sandblasting of the complete surface of the outside of the building and the use of other elements in the course of construction which caused dust, dirt, sand, grit and other harmful products to be carried by the wind and other means onto the property and building of the plaintiff.
8.
The ‘construction activity’ of- defendant has caused and is causing extensive damage to the exterior surface and the roof of the Union Federal Savings & Loan Building, and in particular, caused dust, dirt, sand, grit and other offensive materials to accumulate on all the exterior surfaces and all roof levels of said building, which has been damaged and continues to damage plaintiff’s property.”
Plaintiff’s suit is based on LSA-C.C. Art. 667, which provides:
“Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.”
The defendant, 451, in its answer denied the allegations of the plaintiff’s suit and further pleaded prescription of one (1) year as follows:
“ 14.
The claim of plaintiff, asserted herein is barred by the prescription of one (1) year, which prescription is hereby expressly pleaded, for the reason that all of the construction activity of the type of which plaintiff complaint was fully completed more than one year prior to the date upon which this suit was brought. Further, defendant is informed and believes that plaintiff based this suit upon this specific activity of ‘sand blasting’ of the exterior of the Building, and defendant especially pleads that all of said sand blasting work was done and completed more than one year prior to the date of the filing of this suit and, therefore, this suit is barred by the prescription of one (1) year.”
Defendant also made third party demands against the general contractor and a sub-contractor on the job. The third party defendants entered plea of prescription thereto.
The Trial Court maintained the plea of prescription and dismissed the petition of Union Federal Savings & Loan Association as well as all third party demands. It is from this judgment that the plaintiff has perfected this appeal. No appeal was taken by defendant as to the dismissal of its third party demands, and these are no longer before the court.
Plaintiff-appellant contends that the Trial Judge erred in (1) concluding that the prescriptive period of one year is applicable to the cause of action asserted by the plaintiff against the defendant; and (2) in treating the plaintiff’s demand as one solely for damage arising out of sand blasting activities involved in construction of the Louisiana National Bank Building.
*358 We are of the opinion that it is now well settled that the prescriptive period as applicable to LSA-C.C. Art. 667 is that of one year. In Gulf Insurance Co. v. Employers Liability Assur. Corp., 170 So. 2d 125, at page 127, La.App. 4 Cir. (1965), the Court said:
“While negligence is an example of ‘fault’ within the meaning of Article 2315, it is well settled that the obligation imposed upon proprietors by Article 667 is absolute and that proof of negligence is' not required in order to recover for a violation or breach thereof.”
The Court further stated at page 129 that:
“As we analyze the cases in which the expression ‘liability without fault’ has been used, we are of the opinion that what was really meant was ‘liability without negligence.’ We are therefore of the opinion that an action based on Civil Code Article 667 prescribes in one year under the provisions of Civil Code Article 3536.”
See also Craig v. Montelepre Realty Co., 202 So.2d 432, La.App. 4 Cir. (1967); Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133 (1971).
The Trial Judge based the sustaining of the exceptions on the fact that all sand blasting had stopped more than one year prior to the time the petition was filed. It must be pointed out that the plaintiff is contending that damage to its building was done by much more than merely sand blasting. As we have noted supra, plaintiff contends that damage was done by the movement of dirt and sand, sand blasting, and the use of other elements in the course of construction which caused dust, dirt, sand, grit and other harmful products to be carried by the wind and other means onto the property and building of the plaintiff. It is further contended by the plaintiff that these activities caused and are causing, at the time of the filing of the petition, extensive damage to the exterior surface and roof of the building. Considering that the only evidence presented in support of the prescription plea is an affidavit by the sub-contractor, Alt, and pertains to sand blasting only, we find that the Trial Judge was in error in maintaining the exception and plea of prescription so as to dismiss the petition of Union Federal Savings & Loan Association.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is reversed, and the case remanded for trial on its merits. All costs of the appeal are to be paid by defendant, and other costs to await the final determination of the case.
Judgment reversed and remanded.