LaHAYE, Judge Pro Tern.
Plaintiff George T. Butler instituted this action for injunctive relief and damages. While living in Port Allen, Louisiana, from 1957 to 1968, he suffered periodic asthma attacks. In June of 1961, Dr. Roy White, an allergist, examined him and determined that Mr. Butler was allergic to several substances, one of which was soybean dust.
Defendant Cargill, Inc., since 1957 has operated grain elevator facilities approximately one and a half miles south of Mr. Butler’s Port Allen residence. In consequence of the handling and storing of soybeans, some soybean dust was released in the air.
The trial court rejected plaintiff’s claims without assigning reasons therefor. We find no manifest error in the result and affirm.
La.C.C. Arts. 667 and 669 provide the basis for determining the rights of the parties. These articles read as follows:
“Art. 667. Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.”
“Art. 669. If the works or materials for any manufactory or other operation, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude established by which they are regulated, their sufferance must be determined by the rules of the police, or the customs of the place.”
Defendant on appeal re-urges an exception of prescription unsuccessfully raised in the trial court, based on the fact that Mr. Butler learned of his condition and its alleged cause in June of 1961 but did not file suit until March 9, 1963. We agree that the one-year prescriptive period applies and therefore bars recovery for damages sustained prior to March 9, 1962; but when the operation allegedly causing the damage continues, each day the damage is sustained constitutes a new cause of action. Daigle v. Continental Oil Co., D.C., 277 F.Supp. 875 (1967); Union Federal Savings & Loan v. 451 Florida Corp., 256 So.2d 356 (La.App.1st Cir. 1971). Thus the ruling of the district court was correct.
On the merits, the trial judge apparently concluded that Mr. Butler failed to prove that his condition was caused specifically by soybean dust or that, if it was, the dust was traceable to the defendant’s operation.
The testimony showed that Mr. Butler was sensitive also to other inhalants and certain foods; including household dust, grain dust, bananas, corn, lamb, liver, pineapple, and spinach. Dr. White, however, was of the opinion that the asthma was caused by an inhalant, and Mr. Butler testified that he generally avoided the afore-named foods. In addition, Dr. White testified that although cigarette smoking would aggravate asthmatic attacks (and Mr. Butler admitted that he smoked about a pack a *93 day), that smoking, the physician stated, would not cause the condition.
With respect to the Cargill operation, it appears that inbound grain was transported by truck, rail, and barge operated by persons other than Cargill employees, although Cargill employees did the loading and unloading, and that dust collected by its dust collection system was hauled away in trucks owned by a local farmer. Some of the trucks hauling the soybeans were open, and some were closed. The dust collection system was sufficient to contain 90% of the dust generated by the soybean operation; and the record supports the conclusion that the defendant has always been operating in compliance with regulatory laws in this area, and that, at the time of trial, Cargill was installing even more modern equipment.
 In the final analysis, we must affirm the judgment of the trial court in the absence of a showing of manifest error or a lack of evidence in the record on which to base the conclusions implicit in the judgment. Jennings v. Allstate Ins. Co., 273 So.2d 534 (La.App. 1st Cir. 1973). Since there is evidence in the record to support the conclusion that the Cargill operation is not a nuisance, and that it is not in violation of any laws or customs of the place, there is no manifest error in the denial of the plea for injunctive relief under La.C.C. Art. 669. Likewise, there is evidence in the record on which the trial court could conclude that plaintiff had not proved by a preponderance of evidence that his asthma was specifically caused by the soybean dust from the Cargill facility; therefore, the denial of the claim for damages under Article 667 is not manifestly in error.
For the above and foregoing reasons, the judgment appealed from is affirmed, at plaintiff-appellant’s costs.
Affirmed.