# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 11, 2009

Charles R. Fulbruge III
Clerk

No. 09-30193
Summary Calendar

TS & C INVESTMENTS LLC; CRAWFISH TOWN USA INC.; M. B. LLC; TIGER TRUCK STOP INC.; MYERS FAMILY ENTERPRISES LLC; S&J MINIMART LLC; ATCHAFALAYA ENTERPRISES LTD.; PARKES HOSPITALITY LLC; PYRAMIDS FOODS INC.; CAJUN TOWING & RECOVERY INC.,

        Plaintiffs - Appellants

v.

BEUSA ENERGY INC.; JUSTISS OIL COMPANY INC; ALLIANCE DRILLING CONSULTANTS LLC,

        Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:07-CV-2103

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiffs-appellants – Louisiana businesses located near Interstate 10 on either side of the Atchafalaya Basin Bridge – appeal the district court's judgment dismissing their claims brought under Louisiana law. We now affirm.

The businesses allege that – on November 15, 2007 – the defendants' oil well exploded near Interstate 10 in Iberville Parish. In response to the physical and environmental danger, the Louisiana State Police closed the surrounding 60-mile stretch of Interstate 10. The State Police did not open this portion of highway to vehicular traffic until November 25, 2007 – ten days after the explosion. According to the businesses, the defendants' negligence caused the oil well blowout.

The businesses suffered neither personal injury nor property damage as a result of the explosion. Indeed, the vast majority of the plaintiff businesses operate at locations twenty miles from the oil well. The businesses do claim, however, that the loss of traffic during the highway's closure caused them economic damages. In an effort to recoup these speculative profits, the businesses initiated a claim based on Louisiana tort and statutory law. In their complaint, the businesses sought primarily to recover for tort damages under Article 2315 of the Civil Code, which provides: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."[1] The businesses attempted secondarily to recover statutory damages under Article 667 of the Civil Code, which requires a defendant to reimburse his "neighbors" for depriving them of the enjoyment of their property.[2]

---

[1] La. Civ. Code art. 2315 (2009).

[2] *See* La. Civ. Code art. 667 (2009) ("[I]f the work he makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works

Defendants moved to dismiss all claims under FED. R. CIV. P. 12(b)(6), a motion the district court granted in full. Invoking *Erie*,[3] the district court first asked: Under Louisiana law, may a plaintiff recover purely economic damages when it has suffered neither physical damage nor damage to property in which it has a proprietary interest and where there is no contractual relationship between the parties? Acknowledging that the Louisiana Supreme Court has never answered that specific question, the district court inferred from case law and common sense that the answer must be "no" – thus disposing of the plaintiffs' Article 2315 claim. The court next asked: Under Louisiana's Article 667, are the businesses here "neighbors" of the defendants' oil well? Again without specific guidance from the Louisiana Supreme Court, the district court reasoned that the businesses – many situated more than twenty miles from the blowout – were not the exploding oil well's "neighbor."

On appeal, the businesses claim three errors: 1) the district court had insufficient guidance on the Article 2315 question, so we should certify the question to the Louisiana Supreme Court; 2) in the alternative, the district court incorrectly applied Louisiana law to the Article 2315 claim; and 3) the district court incorrectly applied Louisiana law to the Article 667 claim.

As to the first issue, the decision to certify a question lies within our sound discretion.[4] The businesses' primary argument is that we should certify because the Louisiana Supreme Court has never squarely answered the particular

---

would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.").

[3] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

[4] *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 487 (5th Cir. 2003).

Article 2315 question presented here. However, "the absence of a definitive answer from the state supreme court on a particular question is not sufficient to warrant certification."[5] Because the Louisiana law is not "genuinely unsettled,"[6] we decline to certify the question whether a plaintiff can recover purely economic damages – without any other type of injury – under Louisiana tort law.

As to the second and third issues, the businesses claim – essentially – that the district court "Erie-guessed" wrong in its application of both Article 2315 and Article 667. Though we review dismissals under Rule 12(b)(6) *de novo*, there is no merit to the businesses' suggestion that the district court incorrectly applied Louisiana law.

Regarding the Article 2315 tort claim for purely economic damages, we see no reason to disturb the district court's considered analysis – which weighed both a Louisiana Supreme Court judgment on a question similar to the one here[7] and a Louisiana appellate court decision on precisely the same question as the one here.[8] The businesses' reliance on *Pharr*[9] – a 1905 Louisiana Supreme Court case that arguably allowed a tort claim for purely economic damages – is unavailing. Indeed – as explained by the district court – the obvious trend over the past century is for Louisiana and United States courts to prohibit the

---

[5] *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1247 (5th Cir. 1997).

[6] *Id.*

[7] *PPG Indus., Inc. v. Bean Dredging*, 447 So. 2d 1058 (La. 1984).

[8] *Louisiana Crawfish Producers Ass'n – West v. Amerada Hess Corp.*, 05-1156 (La. App. 3 Cir. 7/12/06); 935 So. 2d 380.

[9] *Pharr v. Morgan's L. & T. R. & S. S. Co.*, 38 So. 943 (La. 1905).

recovery in tort of indirect economic losses. And, more to the point, *Pharr* is factually inapposite.

Finally, the businesses make only a half-hearted attempt to reverse the Article 667 dismissal. The district court properly concluded that the businesses cannot in this case recover under Article 667 – notwithstanding the businesses' out-of-context citation to just one legal source.[10]

The judgment of the district court is AFFIRMED.

---

[10] *Gulf Ins. Co. v. Employers Liability Assurance Corp., Ltd.*, 170 So. 2d 125 (La. 1964).