98 So.2d 697 (1957)
TOWN OF JACKSON, Plaintiff-Appellant,
v.
MOUNGER MOTORS, Inc., et al., Defendants-Appellees.
No. 4484.
Court of Appeal of Louisiana, First Circuit.
November 19, 1957.
Rehearing Denied December 23, 1957.
*698 Leon A. Picou, Jr., St. Francisville, for appellant.
Taylor, Porter, Brooks, Fuller & Phillips, Robert Vandaworker, Baton Rouge, for appellees.
TATE, Judge.
Plaintiff municipality appeals from dismissal of its suit for damages to its firehall caused by a truck owned by Mounger Motors, Inc. This firm and its liability insurer are codefendants.
The truck was parked on Mounger Motors' used car lot. After business hours, one Bolden, while attempting to take the truck without permission, had backed it into the adjacent town fire-hall and caused the damages sued for.
There is no dispute concerning the gross negligence of the intoxicated Bolden. And the record likewise clearly reflects that this impecunious individual was not an employee, agent, or business invitee of Mounger Motors; and that his use of the truck in question was without any actual or implied permission by Mounger Motors.
Plaintiff originally sought to hold Mounger and its insurer liable on the theory that the damages resulted from Mounger's negligence in leaving the truck in question unlocked (or with the keys in the ignition) in a place easily available to the public, so as to constitute an open invitation to its negligent use by drunken or incompetent persons.
Under such cases as Midkiff v. Watkins, La.App. 1 Cir., 52 So.2d 573, the mere leaving of the truck with keys in the ignition has been held not to be the proximate cause of injuries received through the subsequent negligent driving of a thiefsuch injuries having been held to be too remote and unforeseeable to be a proximate result of the original allegedly negligent act, but rather to have been proximately caused by the intervening independent negligence of the thief.
Recognizing this, able counsel for plaintiff chiefly relies in this court upon the principle that one may not so use his property as to cause damage to his neighbor's. Articles 667, 668, LSA-Civil Code.[1] Gotreaux v. Gary, 232 La. 373, 94 So.2d 293; Fontenot v. Magnolia Petroleum Co., 227 *699 La. 866, 80 So.2d 845, noted, 16 La.Law Rev. 590; Jones v. Morgan, La.App. 1 Cir., 96 So.2d 109; Bruno v. Employers' Liability Assur. Corp., La.App., Orleans, 67 So. 2d 920; Hauck v. Brunet, La.App., Orleans, 50 So.2d 495, Noted, 26 Tul.Law Rev. 524, 6 Loyola Law.Rev. 77. This principle is of course a qualification of the general rule that, in the absence of valid statutory regulation, the proprietor of land may do whatsoever he wishes with or on it, providing such use does not unreasonably disturb or curtail his neighbor's use of the latter's own property. Articles 491, 668, LSA-C.C., see e. g.: Frederick v. Brown Funeral Homes, 222 La. 57, 62 So.2d 109, 39 A.L.R.2d 999; Borgnemouth Realty Co. v. Gulf Soap Corp., 212 La. 57, 31 So.2d 488.
When the principle of Article 667 is applicable, strict liability results from the uses of the property which cause harm to the neighbor, the resulting damage itself constituting "fault" even in the absence of any showing of negligence by the offending neighbor. Hauck v. Brunet, supra cit., at 50 So.2d 497. This strict liability attaches when the use of the property is of a sort which per se "causes risk or peril to others", Fontenot v. Magnolia Petroleum Co., supra cit. at page 80 So.2d 849; and it has been stated that it is "not applicable to occurrences of an unusual nature directly occasioned by human error", especially that of an intervening stranger, Arrington v. Hearin Tank Lines, La.App. 2 Cir., 80 So.2d 167, at page 173.
As the Louisiana cases note, the principle sought to be invoked herein is expressed by the legal maxim, sic utere tuo, ut alienum non laedas ("so use your own, that you injure not another's property") and is sometimes referred to in common-law jurisdictions as the "sic utere" doctrine. It is also sometimes referred to as the "Rylands v. Fletcher" doctrine after the famous leading English case which enunciated it, 1868, L.R. 3 H.L. 330.
The authorities agree that this doctrine importing liability to the non-negligent owner of property for damage caused by his legal use of his own property applies only when such use "involves a high degree of risk of harm to others and is abnormal in the community", Prosser, Torts (2nd Ed., 1955) 329 or is "unduly dangerous and inappropriate to the place where it is maintained, in the light of the character of that place and its surroundings", Id. at 331. The Restatement of Torts limits the application of the doctrine to an "ultrahazardous activity" of the defendant which "is not a matter of common usage", Restatement of Torts, Sections 519, 520.
See also: 80 C.J.S. Sic utere, etc., p. 1274; 65 C.J.S. Negligence § 74, p. 569; 38 Am.Jur. 657, Negligence Section 15.
The type of use importing strict liability is described as that "which creates a foreseeable and unreasonable risk" to the legally protected interests of others, 2 Harper & James, The Law of Torts (1956) 786, in which case "the actor conducts his activities at his peril, that is, at the peril of making good the anticipated loss if it actually materializes," Id. at 787. The authors of this treatise observe, p. 787, that "The problem, basically, may be regarded as one of allocating a probable or inevitable loss in such a manner as to entail the least hardship upon any individual and thus to preserve the social and economic resources of the community."
The evidence does not reflect a use of its property by defendant Mounger Motors so inherently dangerous or foreseeably likely to cause harm to others as to justify application of the "sic utere" doctrine. Some attempt was made by Mounger to secure the keys of most of the vehicles left overnight on the used car lot; and, in any event, the record does not reflect a wanton exposure to foreseeable incompetent use so as, possibly, to invite application of strict liability.
*700 Furthermore, even when the doctrine is applicable, a recognized limitation thereof is that liability does not extend when the damage results from an independent, intervening agency which was unforeseeable by a reasonable person, such as by the intentional wrongful act of a stranger, Prosser, above cited, at p. 338; Harper & James, above cited, at p. 808; as in the present instance.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.
NOTES
[1] "Art. 667.

Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him."
"Art. 668. Although one be not at liberty to make any work by which his neighbor's buildings may be damaged, yet every one has the liberty of doing on his own ground whatsoever he pleases, although it should occasion some inconvenience to his neighbor. * * *"