163 So.2d 397 (1964)
Russell H. CALL, individually and as administrator of the Estate of the minor, Russell H. Call, Jr., Plaintiff-Appellant,
v.
Bobby G. HUFFMAN et al., Defendants-Appellees.
No. 10168.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1964.
Rehearing Denied April 30, 1964.
Writ Refused June 8, 1964.
*398 Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for appellant.
Mayer & Smith, Shreveport, for appellees Grice and U.S. Fidelity & Guaranty Co.
AYRES, Judge.
This is an action in tort wherein plaintiff, individually and as administrator of the estate of his minor son, Russell H. Call, Jr., seeks to recover damages for personal injuries and loss of wages sustained by his son, and reimbursement of hospital and medical expenses incurred in the treatment of the son's injuries sustained in a motor vehicle collision of July 6, 1963, near the Texas & Pacific Railway crossing on 70th Street in the City of Shreveport.
Involved in the collision were a Volkswagen of one Albert M. Bass, driven by Russell H. Call, Jr., with the consent and permission of its owner, and a Chevrolet of Basil E. Grice, allegedly driven by Bobby G. Huffman.
Made defendants in addition to Grice and Huffman were the United States Fidelity and Guaranty Company and the Occidental Fire & Casualty Company. The former is alleged to have been the public liability insurer of the Grice automobile and the latter the insurer of Huffman in the operation of any automobile.
An exception of no cause or right of action was filed and urged on behalf of defendant Grice and a motion for a summary judgment, on behalf of United States Fidelity and Guaranty Company. This exception and the motion were sustained and plaintiff's demands as to these exceptors were rejected and his action dismissed. From a judgment accordingly rendered and signed, plaintiff has appealed.
The force and effect of an exception of no cause of action is dependent upon the facts as alleged. In giving consideration to such an exception, such facts must be accepted as true. Appellant's petition asserts that, on Saturday evening, July 6, 1963, about 8:30 p. m., Grice drove his Chevrolet automobile to the Southside Drive Inn at 2542 West 70th Street in Shreveport, Louisiana, where he parked his car in front, got out, leaving the ignition unlocked, and went inside where a number of people, including Huffman, were engaged in drinking intoxicating liquors; that, while Grice remained inside the building, Huffman went outside and stole Grice's automobile; that, at about 10:05 p. m., the thief, while operating Grice's car, ran into the rear of the Volkswagen, the third car in line on 70th Street awaiting the passage of a train.
Negligence charged to Huffman consisted of his failure to keep a proper lookout, *399 or to keep the Chevrolet under control, or to stop, in driving while under the influence of intoxicating liquor, and running into the rear of the Volkswagen which had stopped and was awaiting clearance of the railroad crossing. Plaintiff's allegations negate any contention that Huffman was driving the automobile with Grice's permission, or that he was Grice's agent or employee, or that he was on a mission for Grice. Plaintiff affirmatively alleges that the car was being driven without Grice's consent, permission, or knowledge.
Negligence charged to Grice consists of his leaving the Chevrolet parked and unlocked, in violation of the provisions of LSA-R.S. 32:145, charged with the knowledge that someone might drive it away and cause damage. The statute referred to provides that
"No person driving or in charge of any motor vehicle shall permit it to stand unattended without first stopping the motor, locking the ignition, removing the key, and effectively setting the brake thereon, and, when standing upon any grade, turning the front wheels to the curb or side of the highway."
Plaintiff makes no contention of a causal relationship between Grice's alleged violation of the aforesaid statute and the occurrence of the accident. Nor are there allegations in plaintiff's petition that would indicate such causal relationship. To the contrary, plaintiff alleges that Huffman, while driving the automobile, did not have the owner's permission, and, moreover, affirmatively alleges Huffman's separate and individual negligence was a cause of the accident.
Plaintiff, however, contends that an owner or other person in charge of a motor vehicle who permits it to stand unattended without locking the ignition and removing the key is guilty of negligence per se under the provisions of the aforesaid statute, and that such violation is the proximate cause of injury when a thief steals a car and, through its operation, injures another. Cited in support of these contentions are: Ross v. Hartman, 78 U.S.App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370; Ostergard v. Frisch, 333 Ill.App. 359, 77 N.E.2d 537; Ney v. Yellow Cab Co., 2 Ill.2d 74, 117 N.E.2d 74; Padro v. Knobloch, 28 Misc.2d 898, 214 N.Y.S.2d 216; Dixie Drive It Yourself System New Orleans Co., Inc. v. American Beverage Company and Northern Insurance Company of New York, 242 La. 471, 137 So.2d 298.
While it may be conceded that the cases from the federal court and from our sister states generally support the propositions for which they are cited, such is not the law in this State. While it is generally held that a violation of a statute is negligence, to recover, a plaintiff must establish a causal connection between the injuries complained of and the violation of the statute.
The rule is well established in this State that negligence alone in the operation of a motor vehicle does not give rise to a cause of action. In order to be actionable the negligence must result in injury or damage and the liability may only be imposed if such negligence is the cause or a proximate cause of the injury. The injury must be a natural and probable consequence of a negligent act or omission which an ordinarily prudent man ought reasonably to have foreseen might probably result in injury. This is in accord with the general rule which is stated in 7 Am. Jur.2d, § 375, "Violation of statute or ordinance," pp. 923, 924, wherein it is recited:
"Even though it may be determined that the violation of a statute or ordinance relating to motor vehicles or the operation thereof constitutes negligence per se, proof of such violation by the operator of a motor vehicle involved in an accident does not of itself establish liability for injuries sustained therein. The plaintiff must establish further that the violation of the statute or ordinance was the proximate cause, or at least a proximate cause, *400 of the accident and resulting injuries. There must be a direct relation of cause and effect between the violation of the statute or ordinance and the ensuing accident and injury, otherwise there is no liability. In determining what constitutes proximate cause, the same principles apply where the alleged negligence consists of a violation of a statutory duty as where it consists of the violation of a nonstatutory duty. * * *"
The cases of Midkiff et ux. v. Watkins et al., La.App., 1st Cir., 1951, 52 So.2d 573; Fulco et ux. v. City Ice Service, Inc., La. App., 2d Cir., 1951, 59 So.2d 198; Town of Jackson v. Mounger Motors, Inc., et al., La.App., 1st Cir., 1957, 98 So.2d 697; held that the leaving of keys in a car or truck is not a proximate cause of injuries received through the subsequent negligence of a thief.
We recognized the general rule prevailing in this State in Cone v. Smith et al., La.App., 2d Cir., 1954, 76 So.2d 46 (writs denied), where we held that negligence alone in the operation of a motor vehicle does not give rise to a cause of action; since, in order to be actionable, the negligence must result in injury or damage and then liability may only be imposed if such negligence was a proximate cause of the injury.
Nor do we find that Dixie Drive It Yourself System New Orleans Co., Inc. v. American Beverage Company and Northern Insurance Company of New York, supra, supports plaintiff's position. It was there specially held that, while the violation of a statute requiring the driver of a disabled vehicle which had stopped on the main travel portion of a highway to set out warning flags during daytime is negligence per se, such negligence is actionable if it was a legal cause of a collision. The negligence must be a cause in fact of the accident. Thus, the court stated:
"The statute was designed to protect life and property on the highways. It is a safety measure. The violation of its provisions is negligence per se, and this negligence is actionable if it was a legal cause of the collision." (Emphasis supplied, except for italicizing of "per se.") (137 So.2d 302.)
The provisions of the Highway Regulatory Act of 1962, LSA-R.S. 32:145, made no change in the rule that the violation of a statute or ordinance is not actionable unless there is causal connection between the violation and the resulting accident. This, as we have pointed out, is the general rule, long recognized in the jurisprudence of this State. It may not be presumed without good reason that the Legislature intended to abrogate this rule. Had the Legislature intended such a change, appropriate language could and no doubt would have been employed clearly indicative of such an intention. The language of the statute indicates that the prevention of theft was probably the legislative intent.
As for the motion for summary judgment, it suffices to point out that the insurer, under the terms and provisions of its contract, affords coverage with reference to an owned automobile for the named insured or for any other person using the automobile with the named insured's permission. The petition, as stated heretofore, clearly discloses that Huffman, the alleged driver of the car at the time of the collision, did not have the owner's permission to drive the car. Nor is there any basis for a contention that Huffman had the owner's implied permission to drive the car. Cases of implied permission arise when a man permits someone to use his car under circumstances where it is reasonable to conclude that the owner anticipated others might drive the car as well. The allegations are that Huffman was driving the car without the knowledge or permission of its owner.
For the reasons assigned, we find no error in the judgment appealed and it is accordingly affirmed at plaintiff-appellant's cost.
Affirmed.