CHASEZ, Judge.
Plaintiff, Henry J. Berluchaux, Jr., appeals from a judgment maintaining an exception of no cause of action dismissing his suit against the defendants, H. B. “Buster” Hughes, Inc., and its insurer, Employers Mutual of Wausau, and Hess Oil & Chemical Company and its insurer, The Travelers Insurance Company.
The petition, insofar as we are concerned, alleges an intersectional collision in which plaintiff sustained various injuries, and further alleges that the vehicle belonging to the defendant, H. B. “Buster” Hughes, Inc., was at the time stolen and being driv *99 en by the thief. In substance, the same allegations are urged against the defendant-owner, H. B. “Buster” Hughes, Inc., and against Hess Oil & Chemical Company, upon whose property and in whose custody the vehicle had been deposited, and that is that the defendants were negligent in allowing the keys to remain in the truck over night, and in failing to take precautions against theft of the truck. Plaintiff primarily predicates the charge of negligence upon violation of the Highway Regulatory Act, LSA-R.S. 32:145, which provides as follows:
“No person driving or in charge of any motor vehicle shall permit it to stand unattended without first stopping the motor, locking the ignition, removing the key, and effectively setting the brake thereon, and, when standing upon any grade, turning the front wheels to the curb or side of the highway.”
The violation of this statute is alleged to constitute negligence per se.
Plaintiff’s petition clearly indicates that the vehicle was “upon the property of defendant, Hess Oil & Chemical Company”.
The quoted statute is but one part of the Highway Regulatory Act, which is applicable to public highways. We believe that a reading of the statute clearly indicates that the primary legislative intent was to prevent theft of automobiles on public streets and highways, and that the statute has no application to a situation such as plaintiff’s petition reflects, where the vehicle was left upon private property.
The question remaining to be answered, whether or not defendants can be held responsible under the general law of negligence, has long been settled adverse to plaintiff’s claim in this jurisdiction. Call v. Huffman, La.App., 163 So.2d 397; Town of Jackson v. Mounger Motors, La.App., 98 So.2d 697; Fulco v. City Ice Service, La.App., 59 So.2d 198; Midkiff v. Watkins, La.App., 52 So.2d 573; Castay v. Katz & Besthoff, La.App., 148 So. 76; Tabary v. New Orleans Public Service, La.App., 142 So. 800.
For the foregoing reasons, the judgment of the lower court maintaining the exception of no cause of action is affirmed. All cost of these proceedings to be paid by plaintiff-appellant.
Affirmed.