194 So.2d 463 (1967)
Henry J. BERLUCHAUX, Jr.
v.
EMPLOYERS MUTUAL OF WAUSAU, H. B. Buster Hughes, Inc., Hess Oil & Chemical Company, and the Travelers Insurance Co.
No. 2404.
Court of Appeal of Louisiana, Fourth Circuit.
January 9, 1967.
Rehearing Denied February 13, 1967.
Writ Refused April 14, 1967.
*464 Plotkin, Alvarez, Sapir, Gleason & Bradley, Steven R. Plotkin and Owen J. Bradley, New Orleans, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Ignatz G. Kiefer, New Orleans, for Hess Oil & Chemical Co. and Travelers Insurance Co., defendants-appellees.
Montgomery, Barnett, Brown & Read, Wood Brown III, New Orleans, for Employers Mutual of Wausau and H. B. Buster Hughes, Inc., defendants-appellees.
Before SAMUEL, JANVIER and BARNETTE, JJ.
BARNETTE, Judge.
Plaintiff has appealed from a judgment maintaining exceptions of no cause of action in favor of defendants Hess Oil & Chemical Company and H. B. Buster Hughes, Inc., and their insurers. His suit arose out of injuries he sustained when a pickup truck owned by H. B. Buster Hughes, Inc., which had been stolen and was being driven by a thief, collided with the car which plaintiff was driving.
Plaintiff originally filed suit against these defendants alleging that employees of Hughes left the offending vehicle unlocked, with the key still in the ignition, in the care and custody of Hess employees pursuant to an agreement between Hughes and Hess. In that suit plaintiff alleged that the vehicle had been left on Hess' property, and had been stolen as a result of the negligence of employees of both defendants. He relied particularly on an allegation that the defendants had violated the Louisiana Highway Regulatory Act, § 145, LSA-R.S. 32:145 (1962), and that such violation constituted actionable negligence.
*465 Exceptions of no cause of action were maintained in the trial court and were affirmed on appeal to this court. 182 So.2d 98 (1966). We said:
"Plaintiff's petition clearly indicates that the vehicle was `upon the property of defendant, Hess Oil & Chemical Company'.
"The quoted statute is but one part of the Highway Regulatory Act, which is applicable to public highways. We believe that a reading of the statute clearly indicates that the primary legislative intent was to prevent theft of automobiles on public streets and highways, and that the statute has no application to a situation such as plaintiff's petition reflects, where the vehicle was left upon private property.
"The question remaining to be answered, whether or not defendants can be held responsible under the general law of negligence, has long been settled adverse to plaintiff's claim in this jurisdiction."
After our judgment became final, plaintiff filed suit again. The second suit (the one now before us) is identical to the first except that the allegation as to where the vehicle was left now states that it was left on a public street. Plaintiff again alleged specifically a violation of LSA-R.S. 32:145.
The Louisiana Highway Regulatory Act was adopted by the Legislature as Act No. 310 of 1962. Section 145 of the statute reads as follows:
"No person driving or in charge of any motor vehicle shall permit it to stand unattended without first stopping the motor, locking the ignition, removing the key, and effectively setting the brake thereon, and, when standing upon any grade, turning the front wheels to the curb or side of the highway."
The provision requiring a driver or person in charge to lock the ignition and remove the key, commonly referred to as a "lock statute," was the first such provision to appear in our law.
It is our opinion that the trial court was correct in maintaining the exceptions of no cause of action. The only question presented in the suit now before us which was not concluded by the prior litigation was whether or not a person injured by a thief in possession of the stolen vehicle as a result of a violation of the statute can recover from the owner or custodian of the vehicle who violated the statute.
As noted in our prior opinion, our jurisprudence has long been settled to the effect that merely leaving keys in a car is not a proximate cause of injuries received through the subsequent negligence of a thief. Town of Jackson v. Mounger Motors, Inc., 98 So.2d 697 (La.App. 1st Cir. 1957); Fulco v. City Ice Serv., 59 So.2d 198 (La.App. 2d Cir. 1952); Midkiff v. Watkins, 52 So.2d 573 (La.App. 1st Cir. 1951); Castay v. Katz & Besthoff, Ltd., 148 So. 76 (La.App.Orleans 1933). This rule, based on general principles of negligence and due care, was applied in our prior decision and any issue concerning its validity or application cannot be reconsidered now.
Plaintiff argues that he has alleged a new cause of action by bringing his claim under the "lock statute." His thesis is that the statute, which was passed after the cases cited above were decided, was intended to protect a class of persons of which plaintiff was a member and that a violation of the statute constitutes negligence per se entitling plaintiff to recover. We agree that such an allegation is a different cause of action from that presented on the previous appeal and that it has some merit, particularly in view of the rationale of Dixie Drive It Yourself System New *466 Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), on which plaintiff relies.
This same argument was presented to the Court of Appeal, Second Circuit, in Call v. Huffman, 163 So.2d 397 (1964). That court decided that the "lock statute" provision of the Highway Regulatory Act did not manifest a legislative intent to create a cause of action where one did not exist previously, and the court specifically rejected a contention that the rationale of Dixie Drive It Yourself System New Orleans Co., supra, supported the plaintiff's position. The court then affirmed a judgment which had maintained an exception of no cause of action.
An application was made to the Supreme Court for a writ of certiorari or review in the Call case. The application was denied with the following notation: "Writ refused. The judgment is correct." 246 La. 376, 164 So.2d 361 (1964).
In view of the jurisprudence on the issue presented, the judgment of the trial court maintaining an exception of no cause of action was correct and must be affirmed.
Defendants Hess Oil & Chemical Company and its insurer have answered plaintiff's appeal seeking damages for frivolous appeal under LSA-C.C.P. art. 2164. We have no reason to doubt the sincerity of plaintiff's advocacy of his position, and, since he is a losing plaintiff, there has been no unjust delay imposed on the defendants by his taking this appeal. The prayer for damages will be denied. Redding v. Cade, 158 So.2d 880 (La.App. 3d Cir. 1963).
For the foregoing reasons, the judgment appealed from is affirmed at appellant's cost.
Affirmed.