### 18726

William B. ROBERTS, Respondent, v. David M. CAMPBELL, d/b/a Campbell's Used Cars and Thomas Massey, of whom David M. Campbell is, Appellant.

(157 S. E. (2d) 867)

350

*Messrs. Hayes, Brunson & Gatlin,* of Rock Hill, *for Appellant,*

*Messrs. Ridley, Simrill & McKinney*, of Rock Hill, *for Respondent,*

November 14, 1967.

BRAILSFORD, Justice.

While driving a 1961 Ford automobile owned by David M. Campbell, Thomas Massey negligently collided with a truck owned and operated by William B. Roberts. In an action arising out of this collision, Roberts obtained a judgment against Massey and Campbell. Campbell alone has appealed upon the ground that the court erred in refusing his motion for a directed verdict.

The pleadings are not before us. We learn from the agreed statement that Roberts' claim against Campbell was upon alternative theories: either Massey operated the automobile as Campbell's agent, or Campbell's violation of Section 46-491, Code of 1962, was a proximate cause of the collision.

There is simply no evidence tending to prove that Massey was operating the automobile as Campbell's agent. To the contrary, the only reasonable inference

from the evidence is that Massey, who customarily cleaned cars for Campbell several days a week on a piecework basis, took the car without permission and was about his own business when the collision occurred. The court erred in submitting a *respondeat superior* issue to the jury.

On the afternoon in question, Campbell left his place of business in charge of an employee. No work had been assigned to Massey on that day, and he was not present. The 1961 Ford was parked on the lot with the keys in the ignition. Massey came upon the lot and drove the Ford away without being seen by Campbell's employee. The remaining question for decision is whether on these facts Campbell may be held liable for injuries inflicted by Massey, at a point remote from the car lot, by virtue of the following section of The Uniform Act Regulating Traffic on the Highways:

"Section 46-491. Unattended motor vehicle. No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway."

The Uniform Act is codified as Chapter 7, Code of 1962. Section 46-491 is part of Article 16, which is entitled "Miscellaneous Traffic Rules." The very language of the section, especially when read in context, demonstrates that it was intended to apply only to vehicles on highways as defined by the Act. A specific limitation to this effect in the language of the section would be superfluous in the light of Section 46-288. This latter section limits the application of all appropriate provisions of Chapter 7 to the operation of vehicles upon highways as defined by the Act, except where otherwise specified in a particular section and except for the provisions of Articles 4 and 5, which are not here involved. Only one of the miscellaneous traffic rules embodied in Article 16 contains language extending its application beyond highways. See Section 46-497.

The applicability of Section 46-491 to parking a vehicle on private property has been raised only once in this court, and we found it unnecessary to decide the question. See *Sheperd v. United States Fid. & Guar. Co.,* 233 S. C. 536, 106 S. E. (2d) 381. Our conclusion that the requirements of this section do not apply to the facts of this case is supported by *Berluchaux v. Employers Mut.,* 182 So. (2d) 98 (La. App. 1966) ; *Childers v. Franklin,* 46 Ill. App. (2d) 344, 197 N. E. (2d) 148 (1964) ; *Stanko v. Zilien,* 33 Ill. App. (2d) 364, 179 N. E. (2d) 436 (1961). No decision actually adopting a contrary construction of the Uniform Act has been called to or come to our attention. Compare *Brill v. Wilbanks,* 222 Md. 248, 159 A. (2d) 657 (1960), in which the court assumed that the statute applied to off-street parking but denied recovery on the ground that it imposed no duty on the owner in favor of the party injured by the negligence of the thief in the operation of the vehicle after it had been stolen.

Since Roberts has based his alternative claim to recovery squarely upon the statute, which we hold to be inapplicable, no issue as to common law negligence or proximate cause is before us. See generally Annot., 91 A. L. R. (2d) 1326.

Reversed and remanded for entry of judgment for the defendant Campbell.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.