18783

Carl Hall STONE, Appellant, v. Major BETHEA, Respondent.

(161 S. E. (2d) 171)

158

*Messrs. S. Norwood Gasque* and *A. Glenn Greene,* of Latta, *for Appellant,*

*Messrs. D. Laurence McIntosh* and *Wright, Scott, Blackwell & Powers,* of Florence, *for Respondent,*

April 29, 1968.

Moss, Chief Justice.

Major Bethea, the respondent herein, owns and operates a laundry and dry cleaning business in the Town of Dillon, near the intersection of McArthur Avenue and Hampton Street in said town. The building faces Hampton Street and the western side of said building is adjacent to McArthur Avenue and some 10 or 12 feet from the paved portion thereof. The truck of the respondent was customarily parked in the area between the building and McArthur Avenue.

It appears that on June 5, 1965, after the aforesaid place of business was closed, the respondent picked up clothes for cleaning and drove north on McArthur Avenue and at about 8:30 P.M. parked his 1957 Ford automobile along side his place of business in the space above described. The respondent got out of his car, leaving the keys in the ignition, and took the clothes that he had collected into the building. Just after the respondent had entered the building he heard the motor on his automobile start and saw his car go around the front of said building being driven by a person who had stolen it. The respondent engaged a taxi and followed his car to a point about one mile south of the Town of Dillon where the thief had collided with a car driven by Carl Hall Stone, the appellant herein.

The appellant instituted this action to recover damages for the bodily injuries he sustained in the aforesaid collision. The

appellant alleged that the respondent parked his automobile in a place readily accessible to the public and left it unattended in the nighttime, leaving the key in the switch and without locking the ignition. It was further alleged that the conduct of the respondent in leaving his said automobile unattended at the time and place in question, with the key thereto in the switch, constituted negligence on the part of the respondent and a violation of Section 46-491 of the Code, prohibiting the same, and such was the proximate cause of the injuries sustained by the appellant.

The respondent, by his answer, alleged that his automobile was stolen by a thief and a collision thereafter occurred between the automobile of the respondent, driven by the thief, and that of the appellant, and the negligent act of the thief was the proximate cause of the bodily injuries sustained by the appellant. The respondent denied any liability to the appellant.

This case was tried before The Honorable W. L. Rhodes, Jr., Presiding Judge, and a jury, at the 1967 October Term of the Court of Common Pleas for Dillon County. At the close of all of the testimony, the respondent moved the court to direct a verdict in his favor upon the ground that there was no evidence of actionable negligence on his part that operated as the proximate cause of the injuries to the appellant. The appellant also made a motion for a directed verdict on the ground that the only reasonable inference that could be drawn from the testimony was that the respondent was negligent as a matter of law because of his violation of Section 46-491 of the Code. The trial judge granted the motion of the respondent for a directed verdict on the ground that even assuming that the respondent violated Section 46-491 of the Code in leaving his automobile unattended at the time and place in question, with the key thereto in the switch, such was not the proximate cause of the injuries sustained by the appellant. This ruling is here challenged by the appellant.

We held in *Roberts v. Campbell*, S. C. 157 S. E. (2d) 867, that Section 46-491 of the Code does not apply where an automobile is parked on private property with the keys in the ignition. We adhere to this rule. Here, it is unnecessary for us to decide where the automobile of the appellant was parked and, even if it was parked in violation of the aforesaid section of the Code, to allow recovery would do violence to the rule of proximate cause as we understand and apply it in this jurisdiction.

The practical question for decision here is whether the failure of the respondent to remove the switch key from his automobile was the proximate cause of the injuries to the appellant. It is conclusive from the testimony that the injuries to the appellant resulted while the automobile was being operated in a negligent manner by a thief who stole it. It is the position of the respondent, assuming that he was negligent in failing to remove the switch key from his unattended automobile, that such negligence was cut off or insulated by the intervening negligence of the thief who stole his automobile and that such negligence of the thief was the sole and proximate cause of the injuries to the appellant and could not have been foreseen by the respondent in the exercise of reasonable care and was not the natural and probable result of his original negligence.

Foreseeability of some injury from an act or omission is a prerequisite to its being a proximate cause of the injury for which recovery is sought. *Kennedy v. Carter*, 249 S. C. 168, 153 S. E. (2d) 312. The test, therefore, by which the negligent conduct of the original wrongdoer is to be insulated as a matter of law by the independent negligent act of another, is whether the intervening act and the injury resulting therefrom are of such character that the author of the primary negligence should have reasonably foreseen and anticipated them in the light of attendant circumstances. The law requires only reasonable foresight, and when the injury complained of is not reasonably foreseeable, in the exercise of due care, there is no liability. One is

not charged with foreseeing that which is unpredictable or that which could not be expected to happen. When the negligence appears merely to have brought about a condition of affairs, or a situation in which another and entirely independent and efficient agency intervenes to cause the injury, the latter is to be deemed the direct or proximate cause, and the former only the indirect or remote cause. *Locklear v. Southeastern Stages, Inc.*, 193 S. C. 309, 8 S. E. (2d) 321.

The general rule of law is that when, between negligence and the occurrence of an injury, there intervenes a willful, malicious, and criminal act of a third person producing the injury, but that such was not intended by the negligent person and could not have been foreseen by him, the causal chain between the negligence and the accident is broken. *Johnston v. Atlantic Coast Line Ry. Co.*, 183 S. C. 126, 190 S. E. 459.

In the application of the foregoing principles to a situation where a thief puts in motion a vehicle left on a public street and injury or damage ensues a majority of the cases have held that the act of the thief prevented a finding that the injury or damage was the proximate result of any prior negligence in the manner in which the vehicle was parked. *Anderson v. Theisen*, 231 Minn. 369, 43 N. W. (2d) 272; *Gower v. Lamb*, Mo. App., 282 S. W. (2d) 867; *Saracco v. Lyttle*, 11 N. J. Super. 254, 78 A. (2d) 288; *Childers v. Franklin*, 46 Ill. App. (2d) 344, 197 N. E. (2d) 148; *Call v. Huffman*, La. App., 163 So. (2d) 397; *Corinti v. Wittkopp*, 355 Mich. 170, 93 N. W. (2d) 906; *Permenter v. Milner Chevrolet Co.*, 229 Miss. 385, 91 So. (2d) 243; *Hersh v. Miller*, 169 Neb. 517, 99 N. W. (2d) 878; *Ross v. Nutt*, 177 Ohio St. 113, 203 N. E. (2d) 118; *Williams v. Mickens*, 247 N. C. 262, 100 S. E. (2d) 511.

Where the owner of an automobile parked it on the grounds of a mental hospital and left the key in the ignition and a patient stole the automobile and negligently ran into plaintiff's automobile, it was held in *Clements v. Tashjoin*,

92 R. I. 308, 168 A. (2d) 472, that the owner had not breached his duty toward plaintiff by violating a statute which prohibited the leaving of an automobile unattended without stopping the engine, removing the key, and locking the ignition switch. The court said that while violation of the statute was evidence of negligence, the owner's negligence, if any, was not a direct and proximate cause of the plaintiff's injury but was merely a condition or circumstance which did not operate to cause any injury to the plaintiff except for the intervening independent negligence of the thief, and that such negligence the owner was not, in law, bound to foresee as a natural and probable consequence of his violation of the statute.

The court in *Saracco v. Lyttle*, 11 N. J. Super. 254, 78 A. (2d) 288, held that where the owner left his automobile parked in the street unattended and unlocked, with the key in the ignition switch, and it was stolen by a thief, who collided with the plaintiff, such owner would not be liable for the resulting damages. The court said that it was not reasonable to be expected that the thief would negligently operate the automobile he stole; and that while the leaving of the automobile unlocked afforded an opportunity for the theft, it was merely a circumstance and not the proximate cause of the resulting collision, the proximate cause of which was the negligence of the thief.

In *Williams v. Mickens*, 247 N. C. 262, 100 S. E. (2d) 511, it appears that the defendant parked his taxicab in front of his place of business, leaving the ignition key in the switch, and went into his place for a few minutes. During his absence the taxicab was stolen and while driven by the thief collided with an automobile owned by the plaintiff. An action was brought against the defendant to recover damages caused by the alleged negligence of the taxicab owner. The North Carolina Supreme Court, in affirming a nonsuit, held that even though there was no ordinance or statute against leaving a key in the ignition switch of the taxicab the owner thereof was not liable for the negligent operation

thereof by the thief who stole it because the act of the owner was not the proximate cause of the damage sustained by the plaintiff.

When the respondent parked his car beside his place of business it was within the view of the police station of the City of Dillon. No motor vehicle of the respondent had ever been stolen or tampered with while parked at this place. It was not a place where people loitered or lingered. The site was illuminated by a street light and he saw no one around the place when he parked his car.

It is our conclusion that under the evidence in this case that the intervening independent act of negligence and willfulness on the part of the thief who stole the respondent's automobile was the sole, proximate and efficient cause of the injury to the appellant and such could not have been foreseen by the respondent under the attendant circumstances and was not a proximate cause resulting from any act of negligence on the part of the respondent.

We think the trial judge committed no error in granting the motion of the respondent for a directed verdict. The judgment of the lower court is,

Affirmed.

LEWIS, BRAILSFORD, and LITTLEJOHN, JJ., concur.

BUSSEY, J., concurring in result.

BUSSEY, Justice (concurring).

While I agree with the result reached in the opinion of the Chief Justice, I would affirm the judgment of the lower court pursuant to Supreme Court Rule 4, Sec. 8, on the simple ground that there is, in my view, no evidence contained in the record of any actionable negligence on the part of the respondent. There being no proof of any negligence, it is unnecessary to consider any issue of proximate cause or intervening or superseding cause. There being no evidence whatever that Sec. 46-491 was violated by the re-

spondent, the court, in my view, should refrain from passing on the effect of any violation thereof, particularly since such is a question of novel impression in this state. A review of authorities from many other jurisdictions will show that there is a decided split of authority as to whether, and under what circumstances, a violation of similar statutes may, or may not, be held a proximate cause of injuries or damages inflicted by an unlocked motor vehicle following its removal by a thief, drunk or other intermeddler. See generally 51 A. L. R. (2d) 633; 91 A. L. R. (2d) 1326; Prosser on Torts, (3d) Ed. 323, Sec. 51.