0264

L. F. ACCORDINI and Mary Accordini, Appellants, v. SECURITY CENTRAL, INC., Respondent.

(320 S. E. (2d) 713)

Court of Appeals

*Kellum W. Allen, Kirkland, Taylor, Moore & Allen,* West Columbia, *for appellants.*

*George C. Kosko, Kosko & Coffas,* Columbia, *for respondent.*

Heard May 31, 1984.

Decided Sept. 13, 1984.

SANDERS, Chief Judge:

Respondent Security Central Inc., demurred to the complaint of appellants L. F. and Mary Accordini which alleges negligence and breach of express and implied warranties in

the sale, installation and inspection of a burglar alarm. The circuit court sustained the demurrer of Security Central, and the Accordinis appeal. We reverse.

On appeal from an order sustaining a demurrer, this Court's review is limited to the allegations of the complaint, which are assumed to be true. A demurrer to a complaint cannot be sustained if, when the pleadings are viewed in the light most favorable to the non-moving party, facts sufficient to constitute a cause of action are stated or can be fairly gathered from the complaint. *Glass v. Glass,* 276 S. C. 625, 281 S. E. (2d) 221 (1981); *Kerby, Admrx. v. Martschink Beer Distributors, Inc.,* 316 S. E. (2d) 428 (S. C. App. 1984).

The Accordinis' complaint alleges they purchased a burglar alarm from Security Central which failed to function properly during a break-in of their home. The complaint further alleges that, as a result of the failure of the burglar alarm, large amounts of personal property were stolen. As to the cause of action in tort, the complaint alleges the failure was due to the negligence of Security Central when it "inspected, sold, and installed said burglar alarm system." As to the causes of action in contract, the complaint alleges breach of express and implied warranties by Security Central.

Security Central demurred to the complaint on the ground "that the burglar alarm system, even if it did malfunction, was not the proximate cause of the injuries sustained by the Accordinis." The demurrer was sustained by the Circuit Court which held the complaint did not state a cause of action because "the acts of the housebreakers cut off the causal chain as a matter of law." As authority for its decision, the court cited *Stone v. Bethea,* 251 S. C. 157, 161 S. E. (2d) 171 (1968.)

This appeal requires us to chase the elusive butterfly of "proximate cause."[1]

We here address two aspects of this difficult concept: (1) foreseeability and (2) causation in fact.

---

[1] Professor Prosser says, "There is perhaps nothing in the entire field of law which has called forth more disagreement, or upon which the opinions are in such a welter of confusion." W. Prosser, *Law of Torts* § 41, at 236 (4th ed. 1971).

## I

Our Supreme Court addressed the question of foreseeability explicitly in the relatively recent case of *Young v. Tidecraft*, 270 S. C. 453, 242 S. E. (2d) 671 (1978):

> Foreseeability of some injury from an act or omission is a prerequisite to its being a proximate cause of the injury for which recovery is sought.

242 S. E. (2d) at 675 (citations omitted).
The court went on to give the test for determining foreseeability.

> While it is not necessary that the actor must have contemplated or could have anticipated the particular event which occurred ... liability cannot rest on mere possibilities. The actor cannot be charged with "that which is unpredictable or that which could not be expected to happen." In determining whether a consequence is one that is natural and probable, the actor's conduct must be viewed "in the light of the attendant circumstances."

242 S. E. (2d) at 675, 676 (citations omitted).
Finally, the court dealt with the matter of intervening acts of a third party:

> Where there is a contention that an intervening agency interrupts the foreseeable chain of events, there are two consequences to be tested: (1) the injury complained of, and (2) the acts of the intervening agency. If the acts of the intervening agency are a probable consequence of the primary wrongdoer's actions, i.e., "forseeable", the primary wrongdoer is liable.

242 S. E. (2d) at 676 (citations omitted).

In our view of the circumstances here pleaded, it was clearly predictable and could be expected that if the alarm did not function the property of the Accordinis' would be stolen. Obviously, the alarm system had as its purpose the prevention of theft. Indeed, it could have no other purpose. It is therefore equally obvious that if a theft had not been foreseeable the alarm system never would have been sold or purchased. To put it rhetorically, why would anyone buy a burglar alarm if a theft of his property was unforeseeable?

Therefore, although it is not necessary to satisfy the test of "foreseeability" under the holding of *Young,* the damage here alleged was not only foreseeable but *foreseen* as well.

It is likewise our opinion that reliance on *Stone* is misplaced under the facts pleaded here. *Stone,* unlike the instant case, is a "keys in the car" case. There, suit was brought against a person based on his alleged negligence in leaving keys in the ignition of a parked car. The car was thereafter stolen and involved in an accident while being driven by the thief. Recovery was sought for damages arising out of the accident. The court held the act of leaving the ignition keys in the car was not the proximate cause of the accident because it was not foreseeable that the thief, after having stolen the car, would be involved in an accident. In other words, the court reasoned that, although it might be foreseeable a car would be stolen if keys were left in its ignition, it was not foreseeable a car would be driven negligently after it was stolen.[2]

Unlike *Stone,* the facts in the instant case meet the test for foreseeability prescribed by *Young* in that the "acts of the intervening agency" (the thief's stealing the Accordinis' property) were the "probable consequence of the wrongdoer's action" (Security Central's improperly selling, installing and inspecting the burglar alarm).

## II

We next address the question of "causation in fact." On this point, Security Central argues "to hold the respondent liable for burglary losses under appellant's theory is to rule that the respondent is liable for all crimes committed in the house even while the alarm system functions." We reject this argument. While the Accordinis' complaint obviously does not allege facts which would support a

---

[2] The weight of American authority on "keys in the car" cases seems to be changing. *See, e.g., Jesionek v. Massachusetts Ports Authority,* 376 Mass. 101, 378 N. E. (2d) 995 (1978) (negligence of an owner in leaving ignition keys in accessible forklift was not insulated when drunken sailors known to frequent the area took forklift joyriding). Since *Stone,* courts in other states appear to have been influenced in part by a Wisconsin Law Review article by Cornelius J. Peck entitled, "An Exercise Based Upon Empirical Data; Liability for Harm Caused by Stolen Automobiles," 1969 Wis. L. Rev. 909, indicating the accident rate for stolen cars is about two hundred times the normal accident rate.

finding that Security Central was an insurer of their property, it does allege, in effect, that the thief would not have succeeded in stealing their property had the burglar alarm not failed. Of course, it will be incumbent upon the Accordinis' to prove this fact on trial if they are to ultimately succeed in their suit against Security Central. *See Player v. Thompson,* 259 S. C. 600, 193 S. E. (2d) 531 (1972) (issue of proximate cause is normally a question of fact for the jury). *See also Coleman, Admrx. v. Shaw,* 314 S. E. (2d) 154 (S. C. App. 1984) (as to plaintiff's burden of proof on issue of proximate cause).

### III

Finally, we are of the opinion that this case involves an important question of novel impression in South Carolina. Security Central has cited several "burglar alarm" cases from other states in support of its position. However, it does not appear any such case has been decided in South Carolina by either our Supreme Court or this court. For this reason, the instant case should be remanded for development of its facts. *See Dismukes v. Carletta,* 269 S. C. 110, 236 S. E. (2d) 421 (1977) (important question of novel impression should not be decided on demurrer).

Accordingly, the order sustaining the demurrer of Security Central is reversed and the case is remanded to the trial court.

Reversed and Remanded.

GARDNER and GOOLSBY, JJ., concur.