## 1336

Elizabeth A. JOHNSTON, Appellant v. Nathan PITTMAN, a minor over the age of fourteen (14) years, James R. Godd, Robert W. Chandler and Made Rite Foods, Inc., Defendants, of whom James R. Godd, Robert W. Chandler, and Made Rite Foods, Inc. are Respondents.

(380 S. E. (2d) 850)

Court of Appeals

*Victoria L. Eslinger* and *Deborah R. J. Shupe, Berry, Dunbar, Daniel, O'Connor, Jordan* and *Eslinger,* Columbia, *for appellant.*

*Charles E. Carpenter, Jr.,* and *William H. Hensel, Richardson, Plowden, Grier,* and *Howser,* Columbia, *for respondents.*

Heard April 17, 1989.

Decided May 15, 1989.

GOOLSBY, Judge:

The appellant Elizabeth A. Johnston brought this negligence action against the respondents James R. Godd, Robert W. Chandler, and Made Rite Foods, Inc., to recover for injuries she sustained when her automobile collided with a stolen van owned by Made Rite Foods and operated by the defendant Nathan Pittman. The trial court granted Godd, Chandler, and Made Rite Foods summary judgment, holding that Johnston was precluded from recovering against Godd, Chandler, and Made Rite Foods, as a matter of law, because of the Supreme Court's decision in *Stone v. Bethea,* 251 S. C. 157, 161 S. E. (2d) 171 (1968).

Pittman stole the van during daylight hours from the parking area of a Majik Market store near the intersection of Bush River Road and Interstate-20 in Columbia. Godd had left the van unattended with the key in the ignition as he carried sandwiches and other items into the store. Johnston alleges in her complaint that Godd, as Chandler's and Made Rite Food's agent, was negligent in not removing the keys from the van, in not taking proper precautions for securing the van, and in not keeping a proper guard on the van after having left the keys in it.

We affirm the judgment of the trial court because we agree that *Stone* controls the result here.

The facts in *Stone* closely resemble those in the instant case. In *Stone,* the plaintiff brought suit to recover from the owner of a stolen car damages he sustained when his car collided with the defendant's car that was then being driven by the thief who had stolen it. The trial court granted a directed verdict in favor of the owner, holding that the owner's leaving the car unattended with the key left in the ignition was not the proximate cause of the plaintiff's injuries. The Supreme Court stated as it affirmed the trial court:

> It is our conclusion that under the evidence in this case that the intervening independent act of negligence and willfulness on the part of the thief who stole the respondent's automobile was the sole, proximate and efficient cause of the injury to the appellant and such could not have been foreseen by the respondent under the attendant circumstances and was not a proximate cause resulting from any act of negligence on the part of the respondent.

251 S. C. at 164, 161 S. E. (2d) at 174-75.

In *Accordini v. Security Central, Inc.*, 283 S. C. 16, 20, 320 S. E. (2d) 713, 715 (Ct. App. 1984), Chief Judge Sanders, speaking for the court, made the following observation concerning the holding in *Stone:*

> The court [in *Stone*] held the act of leaving the ignition key [ ] in the car was not the proximate cause of the accident because it was not foreseeable that the thief, after having stolen the car, would be involved in an accident. In other words, the court reasoned that, although it might be foreseeable a car would be stolen if the key [ ] were left in its ignition, it was not foreseeable a car would be driven negligently after it was stolen.

We fail to discern any meaningful distinction between the facts in *Stone* and the facts in this case.

Indeed, as the quoted language from *Accordini* makes clear, Godd's conduct in leaving the van unattended with the key in the ignition could not be the proximate cause of

Johnston's injuries. As a matter of law, the sole, proximate, and efficient cause of the collision and Johnston's resulting injuries were the intervening, independent acts of negligence and wilfulness on the part of the thief who stole the van, acts which Godd could not reasonably have foreseen under the attendant circumstances.[1]

Johnston's reliance in oral argument before this court on the case of *Pfaehler v. Ten Cent Taxi Co.*, 198 S. C. 476, 18 S. E. (2d) 331 (1942), is misplaced. The circumstances attending the vehicular collision in *Pfaehler* are quite different from the circumstances attending the vehicular collision here.

*Pfaehler* involved the alleged negligence of a taxicab driver in leaving a drunk passenger alone in the front seat of an unattended taxicab with the key in the ignition. The court focused upon the driver's leaving a drunk passenger alone in the motor vehicle and not upon his failure to remove the ignition key. *Viz.:*

---

[1] Chief Judge Sanders observed in a footnote to his opinion in *Accordini v. Security Central, Inc.*, 283 S. C. 16, 20, 320 S. E. (2d) 713, 715 (Ct. App. 1984):

> The weight of American authority on "keys in the car" cases seems to be changing. *See e.g., Jesionek v. Massachusetts Ports Authority*, 376 Mass. 101, 378 N.E. (2d) 995 (1978) (negligence of an owner in leaving ignition keys in accessible forklift was not insulated when drunken sailors known to frequent the area took forklift joyriding). Since *Stone*, courts in other states appear to have been influenced in part by a Wisconsin Law Review article by Cornelius J. Peck entitled, "An Exercise Based Upon Empirical Data: Liability for Harm Caused by Stolen Automobiles," 1969 Wis. L. Rev. 909, indicating the accident rate for stolen cars is about two hundred times the normal accident rate.

*But see* Annot., 45 A. L. R. (3d) 787 (1972) (annotation discussing the liability of a motor vehicle owner who leaves the key in the ignition for injuries and damages caused by a stranger operating the vehicle).

Nevertheless, "if the judicial system is to operate efficiently, this court must be bound by decisions of the Supreme Court." *Shea v. State Department of Mental Retardation*, 279 S. C. 604, 608, 310 S. E. (2d) 819, 821 (Ct. App. 1983), *overruled on other grounds, McCall v. Batson*, 285 S. C. 243, 329 S. E. (2d) 741 (1985). Thus, we have no authority to reconsider the decision of the Supreme Court in *Stone*, especially since the Supreme Court has denied Johnston's motion to argue against the precedent *Stone* established. Still, the Supreme Court, in light of the authority cited by Judge Sanders in his footnote, may want to grant certiorari in this case and reconsider its decision in *Stone* despite its denial of Johnston's motion to argue against precedent. We note, however, that Johnston, in opposition to the motion for summary judgment, failed to submit any supporting materials that reflect any sort of empirical data regarding the accident rate for stolen vehicles.

> He did not put him on the back seat, where he would probably put a man who he thought was so drunk that he would be asleep, but he put him on the front seat ... and left the car to answer the [telephone] call. ...
>
> There was the initial act of negligence which set in motion the chain of events which culminated in the collision. ...
>
> ... [W]e are of the opinion that the case at bar presents a jury question as to the negligence of ... [the driver] in leaving his passenger in the taxicab under the circumstances which have been described.

198 S. C. at 484-86, 18 S. E. (2d) at 335-36. *See also Wineglass v. McMinn*, 235 S. C. 537, 112 S. E. (2d) 652 (1960) (wherein the Supreme Court, relying on *Pfaehler*, upheld liability where a deliveryman left an inexperienced 14-year-old boy in a truck with the key in the ignition and the boy attempted to move the truck and, in so doing, struck the plaintiff's parked station wagon).

Inasmuch as the negligent driving by the thief and the resulting accident were not, as a matter of law, foreseeable consequences of Godd's leaving the van unattended with the key in the ignition, the trial court did not err in granting Godd, Chandler, and Made Rite Food summary judgment. *See* Annot., 45 A. L. R. (3d) 787, 848-51 (1972) (summary of cases involving the fact situation in which a motorist failed to remove the ignition key from a vehicle left unattended in a parking lot and recovery was denied the victim of an intermeddler's negligent operation of the vehicle).

Affirmed.

GARDNER and CURETON, JJ., concur.