817 So.2d 21 (2002)
Lisa RACINE and James Ray Racine, Individually and as Natural Tutor/Tutrix of the Minor Children, Hunter Racine and Logan Racine,
v.
MOON'S TOWING, et al.
No. 2001-CC-2837.
Supreme Court of Louisiana.
May 14, 2002.
*22 Leonard A. Young, H.F. Foster, III, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for Applicant.
Jack M. Capella, David J. Motter, Metairie, for Respondent.
PER CURIAM.
At issue in this case is whether defendants, Goldwasser Moving and Storage Company, Inc. d/b/a A-Arpin Moving & Storage and its general manager, Robert Goldwasser (collectively referred to hereinafter as "Goldwasser"), are entitled to summary judgment dismissing plaintiffs' claims against them. For the reasons that follow, we conclude there is no genuine issue as to material fact and find Goldwasser is entitled to judgment as a matter of law. Accordingly, we reverse the judgment of the district court and render summary judgment in favor of Goldwasser.

FACTS AND PROCEDURAL HISTORY
This case arises out of the accidental death of fifteen-year old Hunter Racine. On the afternoon of Saturday, November 7, 1998, Hunter, his fourteen-year old *23 brother Logan, and two friends decided to explore Goldwasser's property, which is located in an industrial area on River Road and St. George Avenue in Jefferson Parish, near the Huey P. Long Bridge. The teenagers entered the unfenced property without permission, climbed onto an elevated tank tower, and dropped pumpkins and a bowling ball on the parked trucks below. The boys then climbed down from the tower, and Hunter and his friends went off to ride mini-bikes. Meanwhile, Logan and two other teenagers who had come onto the property discovered an unattended flatbed truck parked next to a wooden fence.[1] Although both doors of the truck were locked, the windows were partially open, and the boys discovered that the keys were in the ignition. Logan climbed into the truck through the passenger side window and started the engine. After allowing the engine to idle for several moments, Logan attempted to turn it off, but he was unable to do so.[2] As a result, the truck ran (without moving) for fifteen to twenty minutes. When Hunter returned from riding mini-bikes, he jumped on the running board of the truck, reached through the driver's side window, and attempted to shut off the engine. As Hunter leaned into the cab of the truck, the truck suddenly jumped into gear and began rolling forward.[3] Hunter tried to jump from the truck to the ground, but he was pinned between the moving truck and the fence. He died before help arrived.
In October 1999, Hunter's parents filed suit against several defendants, including Goldwasser, contending the truck was an attractive nuisance and that the truck was negligently and improperly stored on the unfenced property. In addition, plaintiffs sought recovery on the basis of strict liability.
After discovery, Goldwasser filed a motion for summary judgment, asserting that under the undisputed facts of the case, it was not liable for Hunter's death as a matter of law. In support, Goldwasser relied on Logan's deposition testimony, in which he admitted that both he and Hunter knew they were trespassing on private property and had no right to be in or near the truck. Goldwasser contended that Logan's deliberate acts set in motion the events giving rise to Hunter's death and were the sole cause of the accident.
After a hearing, the district court denied Goldwasser's motion for summary judgment. The court found there were questions of fact to be resolved by the jury, making summary judgment inappropriate.[4]
From this ruling, Goldwasser applied for supervisory writs. In a 2-1 ruling, the court of appeal denied the writ on the *24 showing made.[5] Goldwasser then applied to this court, which granted the writ and remanded it to the court of appeal "for briefing, argument (if requested) and opinion."[6] On remand, the court of appeal again denied Goldwasser's writ.[7] Specifically, the appellate court found there were questions of fact as to whether Goldwasser created an unreasonable risk of harm by parking the truck on its property:
In this case, plaintiffs have alleged that leaving the keys in a broken, unlocked flatbed truck in or in the immediate proximity of a residential neighborhood constitutes an unreasonable risk of harm. They also argue that the truck was negligently or improperly stored outside the fenced area "without being in gear and/or the parking brake in use and/or the wheels chocked." They further assert that the defendants were aware or should have been aware that the property was used as a "hang out" by neighborhood kids, and that there was no fence or other protective measure to prevent easy ingress and egress for any pedestrian. Whether these circumstances created an unreasonable risk of harm is a factual determination as yet unresolved in this case.
Upon Goldwasser's application, we granted certiorari to review the correctness of that ruling.[8]

DISCUSSION
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ. P. art. 966B. This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action ... The procedure is favored and shall be construed to accomplish these ends." La.Code Civ. P. art. 966A(2). In 1997, the legislature enacted La.Code Civ. P. art. 966C(2), which further clarified the burden of proof in summary judgment proceedings, providing:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
This amendment, which closely parallels the language of Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of *25 factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial. See MARAIST AND LEMMON, LOUISIANA CIVIL LAW TREATISE: CIVIL PROCEDURE, § 6.8 (1999). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Hayes v. Autin, 96-287 (La.App. 3d Cir.12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
In the instant case, the sole factual testimony comes from the deposition of Logan Racine. In his deposition, Logan testified the truck was parked on Goldwasser's property and locked, though the keys were left in the ignition. Logan admitted the boys knew they were trespassing and that the truck did not become dangerous until he crawled in through the window and started the engine. Because these facts are uncontested, the sole question to be resolved is a legal onei.e., whether Goldwasser is liable to plaintiffs as a matter of law under these facts.
Plaintiffs first contend that Goldwasser is liable under the doctrine of attractive nuisance. However, courts have generally held that doctrine is available only to children of tender years, and does not apply to older children. Nguyen v. Crescent Land & Dev. Co., 527 So.2d 456 (La.App. 5th Cir.1988) (ten-year old boy not entitled to attractive nuisance doctrine); Cates v. Beauregard Electric Coop. Inc., 316 So.2d 907 (La.App. 3rd Cir.1975) (doctrine did not apply to sixteen-year old). It is undisputed that Logan was fourteen and Hunter was fifteen years old at the time of the incident. The boys were clearly old enough to know what they were doing was wrong and to appreciate the dangers inherent in their actions. Under these circumstances, the attractive nuisance doctrine does not apply.
Next, plaintiffs contend that Goldwasser created an unreasonably dangerous condition by parking the truck on its property, creating either strict liability or liability based on negligence. Specifically, plaintiffs rely on the fact that the keys were left in the truck's ignition. However, it is well settled under Louisiana jurisprudence that the mere act of a motorist in leaving keys in a car does not create liability on the part of the motorist where a thief steals the car and injures a third party. For example, in Roach v. Liberty Mutual Insurance Co., 279 So.2d 775, 777 (La.App. 1st Cir.), writ denied, 281 So.2d 756 (La. 1973), the court stated:
Obviously the motion for summary judgment was based on the well established rule in Louisiana that the leaving of ignition keys in an unattended automobile does not of itself constitute negligence on the part of the owner and he owes no duty to the public at large against the risk of a thief's negligent operation of the automobile. Midkiff v. Watkins, 52 So.2d 573 (1st La.App. 1951); Town of Jackson v. Mounger Motors, 98 So.2d 697 (1st La.App.1957); 22 La.L.Rev. 886-889 (1962). Even if a motorist leaves his vehicle unattended in violation of the so-called "lock statute" (L.R.S.32:145), it has been held that he is nevertheless not responsible for the carelessness of a thief who steals the vehicle and while operating it causes injury to another. Call v. Huffman, 163 So.2d 397 (2nd La.App.1964), writ refused, 246 La. 376, 164 So.2d 361 (1964); Berluchaux v. Employers Mutual of *26 Wausau, 194 So.2d 463 (4th La.App. 1967), writ refused, 250 La. 533, 197 So.2d 79 (1967).
While the instant case does not involve the same facts as Roach, the same principle is applicable: the mere act of leaving keys in a vehicle does not make the owner of the vehicle liable for injuries caused by someone who uses that vehicle without authorization. Clearly, under the instant facts, the injury to Hunter occurred not from Goldwasser's act of leaving the keys in the truck, but from Logan's deliberate act of breaking into the locked truck and starting the engine.
Finally, plaintiffs maintain that Goldwasser was negligent in parking the truck on its property. Plaintiffs assert that Goldwasser knew the truck was defective when it was removed from service, but they made no effort to immobilize the truck, such as chocking the wheels. At the very least, they contend this conduct raises questions of fact which warrant a trial.
We see no merit to these contentions. Plaintiffs have cited no legal authority, nor are we aware of any, supporting the proposition that parking a mechanically defective vehicle on a person's private property constitutes negligence. It is undisputed that the parked truck by itself did not create an unreasonable risk of harm. No harm would have resulted from the truck in this case but for the decision of Logan and the other teenagers to trespass on Goldwasser's property, break into the truck, and start the engine. Goldwasser cannot be liable as a matter of law under these facts.
In sum, we find Goldwasser met its burden of proving it is entitled to summary judgment, as plaintiffs can show no basis for liability on its part. Accordingly, the district court erred in denying Goldwasser's motion, and its judgment must be reversed.

DECREE
For the reasons assigned, the judgment of the district court is reversed. Summary judgment is granted in favor of Goldwasser Moving and Storage Company, Inc. d/b/a A-Arpin Moving & Storage and Robert Goldwasser, dismissing plaintiffs' claims against them with prejudice. All costs in this court are assessed against plaintiffs.
NOTES
[1] The truck had been towed to Goldwasser's premises several days earlier after experiencing repeated mechanical problems.
[2] The boys were unaware that the ignition system on the diesel truck could not be turned off simply by turning the key.
[3] According to the report of the investigation conducted by the Jefferson Parish Sheriff's Office, an inspection of the truck revealed no mechanical defects or other evidence that would explain why the truck moved forward.
[4] In his reasons for judgment, the trial court conjectured that the rescue doctrine, which provides that one who places himself in danger as a result of an emergency is not held to the same degree of care normally required of an ordinarily prudent person, might be applicable under these facts and could absolve Hunter of any fault for his actions. See Fowler v. State Farm Fire & Cas. Ins. Co., 485 So.2d 168, 170 (La.App. 2nd Cir.), writ denied, 487 So.2d 441 (La.1986). However, plaintiffs now concede that there is no basis for applying the rescue doctrine under these facts. Accordingly, we will not discuss it further.
[5] Racine v. Moon's Towing, 01-258 (La.App. 5th Cir.3/21/01).
[6] Racine v. Moon's Towing, 01-1083 (La.6/1/01), 793 So.2d 174.
[7] Racine v. Moon's Towing, 01-258 (La.App. 5th Cir.10/3/01) (not designated for publication).
[8] Racine v. Moon's Towing, 01-2837 (La.1/11/02), 806 So.2d 653.