35 F.3d 555
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Billie B. BUTLER, d/b/a Impressions Jewelry Factory, a
Partnership; Kelly Parker, d/b/a Impressions
Jewelry Factory, a Partnership,
Plaintiffs-Appellants,
v.
MUTUAL SAFE COMPANY, INCORPORATED, Defendant & Third Party
Plaintiff-Appellee,
andAnchor Safe Company, Third Party Defendant-Appellee,
and
Safesmiths (PTY) Limited, Third Party Defendant.
 No. 93-2450.
 United States Court of Appeals, Fourth Circuit.
 Argued July 13, 1994.
Decided August 29, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Dennis W. Shedd, District Judge. (CA-91-1380-3-19).
 ARGUED: Thomas Keith Fowler, Jr., Columbia, South Carolina, for Appellants.
 John Robert Haley, Charleston, SC, for appellee.
 ON BRIEF: Harvey Brockinton, Jr., Brockinton, Brockinton & Kerr, Charleston, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Billie B. Butler and Kelly Parker appeal the order granting summary judgment to the defendant, Mutual Safe Company, Incorporated and dismissing the case. We find no error, and we affirm.
 
 
 2
 * The plaintiffs Butler and Parker are partners who own and operate Impressions Jewelry Factory, a jewelry store in Columbia, South Carolina. In the summer of 1990, they bought a security safe from Anchor Safe Company. On August 6, 1990, the store was burglarized and the 2300-pound safe was taken. The safe, open and minus most of the jewelry that had been stored in it, was found by the police a few days later about two or three miles from the store. Butler and Parker brought this action against Mutual Safe Company, which the storeowners claimed was both the manufacturer and seller of the safe; Anchor, which was not named as a defendant, was alleged to have been Mutual's distributor. The complaint contained state-law contract and tort causes of action based on the allegedly defective design and manufacture of the safe.* In their motion for summary judgment, the plaintiffs included an affidavit from one of the burglars, Hosea Darby. Darby maintained that the safe came open when it fell off the back of his pick-up truck. The gravamen of the motion was that the safe was warranted to withstand appreciably greater force than a three to five foot drop without opening and, but for an apparent design or manufacture defect in the safe, the safe would have remained intact upon falling from Darby's truck and the contents would not have been lost. Evidence was also adduced that the safe could withstand falls of up to thirty feet without opening.
 
 
 3
 By order dated September 8, 1993, the district court summarily denied the plaintiffs' motion and sua sponte raised the issue of summary judgment for Mutual. See Pension Benefit Guaranty Corp. v. Mize Co., 987 F.2d 1059, 1061 (4th Cir.1993). ("A district court has the power to grant summary judgment sua sponte.") The court invited the parties to file memoranda in support of their respective positions. After argument was heard on October 1, the court ruled from the bench that the proximate cause of the plaintiffs' loss was the theft of the safe and not any defect in the safe itself. The grant of summary judgment mooted all other claims in the case, and the action was dismissed in its entirety. Butler and Parker appeal.
 
 II
 
 4
 Our review of summary judgment order is de novo, and "we view the inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party." Moore v. Winebrenner, 927 F.2d 1312, 1313 (4th Cir.1991). One inference that we accept as true for the purposes of this appeal is that the safe was indeed defective. Our only task is to determine whether, under South Carolina law, the theft of the safe from the store was an intervening cause that acts to cut off any liability of the manufacturer, designer or seller of the safe. Whether the plaintiffs' theory of their claim is grounded in tort or contract, one element is constant--the harm suffered must have been caused by the defendant. See Young v. Tide Craft, Inc., 242 S.E.2d 671, 675 (S.C.1978). In a nutshell, the only question before us is whether (1) the losses suffered by the jewelry store owners was proximately caused by the defect in the safe, or (2) the burglary was an intervening cause that legally obviated any liability for negligence or breach of contract on the part of the manufacturer/designer. The answer lies in an examination of the concept that one South Carolina court has termed the "elusive butterfly of 'proximate cause'." Accordini v. Security Cent., Inc., 320 S.E.2d 713, 714 (S.C.App.1984).
 
 
 5
 "[T]he touchstone of proximate cause in South Carolina is foreseeability." Young, 242 S.E.2d at 675. In the context of this case, the question can be rephrased thusly: Was the defect in the safe such that a loss of jewelry stored therein was a natural and probable consequence of the manufacturer's/designer's wrongdoing? The answer is, of course, no. See Collins & Sons Fine Jewelry, Inc. v. Carolina Safety Systems, Inc., 371 S.E.2d 539, 543 (S.C.App.1988). ("In a case where a plaintiff seeks to hold a burglar alarm company liable for burglary losses, the plaintiff must prove the thief or thieves would not have succeeded in stealing the plaintiff's property had the alarm system not failed.") Even if a theft of the safe can be characterized as foreseeable, the nexus between the alleged wrong on the defendant's part, i.e., the manufacturing or design flaw, and the loss is simply too attenuated to sustain the plaintiffs' claims. The loss was suffered when the safe was stolen; if the fall from the back of the truck did not open it, then the burglars would surely have elevated the level of their safe-cracking efforts. The safe was not warranted to be impregnable, and even fledgling burglars could reasonably be expected to quickly figure out how to breach a safe in their possession.
 
 
 6
 The plaintiffs cannot show that the burglars would not have breached the safe but for the alleged defect in the locking system. The sole proximate cause of the loss suffered by the plaintiffs was the theft of the safe from the store.
 
 
 7
 AFFIRMED.
 
 RUSSELL, Circuit Judge, dissenting:
 
 8
 Plaintiffs bought a safe which was warranted not to open when dropped from any height less than 30 feet. In reviewing the district court's grant of summary judgment in favor of Mutual, we accept as true plaintiffs' allegation that they purchased the safe in reliance upon this representation. Thus, we must accept that plaintiffs purchased the safe in question because that safe was not supposed to open when dropped from a height of less than 30 feet. The safe, as the majority and, indeed, all the parties to this action, concede was defective in this regard: it opened upon a drop from a height of only three to five feet. Further, the police recovered the safe, open and emptied of its contents, only a few days after the burglary of plaintiffs' store. Yet, the majority holds that plaintiffs are entitled to no recovery from Mutual because the safe's defect was not the proximate cause of plaintiff's loss.
 
 
 9
 "Proximate cause requires proof of (1) causation in fact and (2) legal cause." Bramlette v. Charter--Medical--Columbia, 393 S.E.2d 914, 916 (S.C.1990). "Causation in fact is proved by establishing [that] the injury would not have occurred'but for' the defendant's [representation]." Id. "Legal cause is proved by establishing foreseeability." Id.
 
 
 10
 The foreseeability of a particular consequence flowing from a particular representation will vary with the nature of the representation and the context in which it is made. In the instant case, Mutual represented that the safe could withstand, without opening, drops of up to 30 feet. It is, of course, foreseeable that some consumers, such as the plaintiffs here, might purchase the safe in reliance upon that representation. It is also clear that consumers of a 2,300-pound safe that can withstand a drop of up to 30 feet must contemplate the possibility that, despite its great weight, the safe might be removed from the location in which they place it. In other words, the only point of the feature represented to the plaintiffs by Mutual is to protect the contents of the safe if the safe should come to be itself removed from its standard location. Thus, in the context of the circumstances presented, it was entirely foreseeable to Mutual that the safe might be stolen from the plaintiffs' jewelry store.
 
 
 11
 Instructive in this regard is the opinion of the South Carolina Court of Appeals in Accordini v. Security Central, Inc., 320 S.E.2d 713, 714 (S.C. Ct.App.1984). There, the court considered whether a faulty burglar alarm was the proximate cause of a successful burglary. The court concluded in the affirmative and explained:
 
 
 12
 Obviously, the alarm system had as its purpose the prevention of theft. Indeed, it could have no other purpose. It is therefore equally obvious that if a theft had not been foreseeable the alarm system never would have been sold or purchased. To put it rhetorically, why would anyone buy a burglar alarm if a theft of his property was unforeseeable?
 
 
 13
 Id. Here, to paraphrase it rhetorically, why would anyone buy a safe which could not be opened if dropped from a height of less than 30 feet if the theft of the safe was unforeseeable?[1]
 
 
 14
 Although it does not state it explicitly, the majority concludes that the defect in the safe was also not the but-for cause of plaintiffs' loss, stating: "The loss was suffered when the safe was stolen; if the fall from the back of the truck did not open it, then the burglars would surely have elevated the level of their safe-cracking efforts." Ante, at4. I cannot agree. The plaintiffs' loss is the result of a combination of two facts: the fact that the safe was stolen and the fact that the burglars were able to open the safe with much more ease than they would have enjoyed had the safe not been defective. While the majority may be correct in its speculation that "the burglars would surely have elevated the level of their safe-cracking efforts," the extra time and effort which that would have required may have been sufficient to afford the police the time to locate and apprehend the burglars before they could successfully access the contents of the safe. It is crucial to bear in mind in this regard that the police in fact located the safe, opened and emptied of its contents some two or three days after the burglary. I believe that it is for a jury to determine whether, had the safe not been defective, the police would have recovered the safe unopened and with its contents intact.[2] See Ballou v. Sigma Nu Gen'l Fraternity, 352 S.E.2d 488, 493 (S.C. Ct.App.1986) ("The question of proximate cause is ordinarily a question of fact for determination by the jury. Only in rare or exceptional cases may the question of proximate cause be decided as a matter of law." (citations omitted)).
 
 
 15
 Further, I would note that, under the majority's reasoning, a misrepresentation such as one made here by the defendant will never give rise to a cause of action.[3] Thus, the majority's opinion gives license to persons in the defendants' stead loosely to make misleading statements in this regard without worry of liability. The law should not sanction such behavior.
 
 
 16
 Because I agree with neither the majority's reasoning nor the conclusion that the majority reaches, I dissent.
 
 
 
 *
 In its answer, Mutual denied that it was the manufacturer of the safe. Instead, Mutual alleged that Safesmiths (pty) Ltd., a South African company, was the manufacturer, Mutual was the distributor in the United States, and Anchor was the retailer. Mutual filed third-party complaints against these two other entities, which filings precipitated a flurry of cross-claims, counterclaims, amended answers, etc. If the alleged design or manufacturing defect cannot be the basis of liability, none of these parties can be held liable
 
 
 [1]
 The majority's citation of Collins & Sons Fine Jewelry, Inc. v. Carolina Safety Systems, Inc., 371 S.E.2d 539 (S.C. Ct.App.1988), is curious. There the South Carolina Court of Appeals upheld a jury's determination that the malfunction of an alarm system was the proximate cause of a burglary. Id. at 543-44. The court found, then, that the plaintiff [had] prove[n that] the thief or thieves would not have succeeded in stealing the plaintiff's property had the alarm system not failed." Id. at 543 (citing Accordini, supra ). Here, similarly, a jury could find that the police would have recovered the plaintiffs' jewelry had the safe functioned as represented
 
 
 [2]
 I cannot help but observe that Mutual itself concedes (in fact, it copies verbatim from appellants' brief) that the fact that the safe's relocking mechanism, designed to activate as back-up locking devices in case either the safe's combination lock or its key lock failed, was nonfunctional "was not so much the cause of the loss as was the failure of the safe to withstand the fall of less than five (5) feet." Appellee's Br. 3
 
 
 [3]
 Indeed the majority suggests that a cause of action would lie only where a representation is made that the safe to be purchased is "impregnable." Ante, at 4