MICHAEL E. KIRBY, Judge.
 

 _JjThis case arises from a vehicular accident that occurred on July 11, 2000, involving truck # 40 owned by defendant Sam B. Haynes, Jr. d/b/a Haynes Motor Lines (“Haynes”). The driver of the truck fled the scene, and his identity has never been established. Plaintiffs, Elliot J. Jenkins, Charles E. Jenkins and Patrick Holden, appeal both a March 31, 2008 judgment granting a partial summary judgment in favor defendant, Louisiana Insurance Guaranty Association (“LIGA”), and an April 2, 2008 summary judgment in favor
 
 *967
 
 of LIGA and defendant, Royal Insurance Company of America (“Royal”). Because plaintiffs cannot prove either the identity of the driver or that he had permission to drive truck # 40 at the time of the accident, we conclude summary judgment was properly granted and affirm the judgments.
 

 FACTS AND PROCEDURAL HISTORY
 

 Elliot Jenkins was driving on Almonaster Avenue near the intersection of France Road when his vehicle was struck from behind by truck # 40. He and his guest passengers, Charles Jenkins and Mr. Holden, sustained injuries in the collision. They initially sued Haynes, “John Doe” and Legion Insurance Company, alleging that the unknown driver was in the course and scope of his employment for Haynes at the time of the accident and that Legion provided liability coverage for the truck.
 

 |2Plaintiffs amended their petition to add Royal as a defendant alleging that it also insured the truck. Royal answered the petitions, asserting that neither Mr. Haynes nor the company had authorized the unknown driver to operate the truck at the time of the accident.
 

 Plaintiffs filed a second supplemental and amending petition alleging Haynes was negligent in the leaving the keys in the truck while it was parked in the Haynes yard; leaving the yard’s exit gate unlocked; failing to provide security at the gate; failing to control the use of the truck; failing to discover that the truck was missing from the yard; and, entrusting the truck to an untrained employee or third person driver.
 

 Plaintiffs filed a third supplemental and amending petition to name Jeffrey Edward Coleman as a defendant, alleging that he was driving truck # 40 while in the course and scope of his employment with Haynes when he rear ended Mr. Jenkins’ vehicle. Plaintiffs filed a fourth supplemental and amending petition naming LIGA as a defendant when Legion became insolvent.
 

 Haynes and LIGA filed a motion for summary judgment arguing that Mr. Coleman was not an employee of Haynes at the time of the accident. Following a hearing, the trial court denied the motion, in part, finding material issues of fact existed regarding the driver’s identity and use of the truck at the time of the accident.
 
 [1]
 

 |SLIGA and Royal later filed a motion for summary judgment, arguing they were not vicariously liable for the actions of the unknown driver, and the applicable insurance policy contained no omnibus coverage clause insuring the unknown driver. LIGA also filed a motion for partial summary judgment regarding the negligence claims raised in the plaintiffs’ second supplemental and amending petition.
 
 [2]
 
 Plaintiffs opposed both motions.
 

 Following a hearing, the trial court rendered the March 31, 2008 judgment in favor of LIGA regarding the negligent security claims, and the April 2, 2008 judgment in favor of LIGA and Royal on the issue of vicarious liability.
 

 On appeal, plaintiffs contend the trial court erred in granting summary judgment because genuine issues of material fact remain as to the identity of truck # 40’s driver at the time of the accident; whether Mr. Coleman was employed by
 
 *968
 
 Haynes at the time of the accident; and, whether truck #40 was stolen from the Haynes yard on the day of the accident.
 

 DISCUSSION
 

 Appellate courts review summary judgments
 
 de novo
 
 under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.
 
 Samaha v. Ran,
 
 07-1726, p. 3 (La.2/26/08), 977 So.2d 880, 882-83. A motion for summary judgment will be |4granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966 B. “Favored in Louisiana, the summary judgment procedure ‘is designed to secure the just, speedy, and inexpensive determination of every action’ and shall be construed to accomplish these ends.”
 
 King v. Parish Nat’l Bank,
 
 04-0337, p. 7 (La.10/19/04), 885 So.2d 540, 545 (quoting La. C.C.P. art. 966 A(2)).
 

 To hold the defendants liable for the alleged damages as a result of the accident, plaintiffs must prove by a preponderance of the evidence at trial that either 1) the driver of the truck was a Haynes employee acting within the course and scope of his employment at the time of the accident, or 2) the driver had the expressed or implied permission of Haynes to operate truck # 40 at that time. Defendants, in moving for summary judgment, are not required to negate all the essential elements of the plaintiffs’ action, rather they need only demonstrate that there is an absence of factual support for one or more elements essential to the plaintiffs’ claims. See La. C.C.P. art. 966 C(2)
 
 [3]
 
 .
 

 In support of their motion arguing that Mr. Coleman was not employed by Haynes and had no authority from Haynes to operate the truck on the day of the |5accident, LIGA and Royal submitted the deposition testimony of Mr. Coleman and an affidavit from Joanne Witcher, Haynes’ safety coordinator. Mr. Coleman testified that he was last employed by Haynes on May 10, 2000, and that he did not drive and had no permission to drive a Haynes truck on July 11, 2000. Likewise, Ms. Witcher attested that Mr. Coleman was not employed by Haynes and had no permission to drive any Haynes vehicle at the time of the accident.
 

 In opposing the motion, plaintiffs submitted deposition testimony from Troy Hueschen, a dispatcher for Haynes, who testified that he believed Mr. Coleman was employed by Haynes in July 2000. They also submitted a copy of an “Employee Warning Notice” dated October 11, 2000 issued by Mr. Hueschen to Mr. Coleman
 
 *969
 
 for failing to refuel his truck
 
 [4]
 
 and a copy of the N.O.P.D. accident report indicating gas receipts bearing Mr. Coleman’s name were found in truck #40 on the night of the accident.
 
 [5]
 
 Plaintiffs contend that, collectively, this evidence shows that a genuine issue of material fact remains as to whether Mr. Coleman was employed by Haynes at the time of the accident. We disagree.
 

 The evidence submitted indicates that Mr. Coleman was not employed by Haynes on July 11, 2000. Although Mr. Hueschen “believed” that Mr. Coleman was employed by Haynes at the time of the accident, his testimony alone, with nothing more, is not sufficient to overcome Mr. Coleman’s testimony and Ms. Witcher’s affidavit that he was not employed by Haynes at the time of the accident. That the warning notice contradicts Mr. Coleman’s statement that he was last employed by Haynes in May 2000 is of no consequence. The hearing transcript | (¡reflects that defense counsel acknowledged that Haynes rehired Mr. Coleman in September 2000, and, as the trial court correctly noted, the warning notice neither contradicted Ms. Witcher’s affidavit nor established that he was employed by Haynes on the date of the accident.
 

 In addition to Ms. Witcher’s affidavit, the defendants submitted deposition testimony and affidavits from several other Haynes employees to show that the unknown driver was not a Haynes employee and had no permission to drive the truck on July 11, 2000. Jerry Jackson, a driver for Haynes, testified that the police questioned him regarding the accident after finding gas receipts bearing his name in truck # 40. Mr. Jackson told the investigating officer that he had left work on the day of the accident around 5:00 p.m. and went to bed early. He stated that he did not drive truck #40 on the date of the accident.
 

 Troy Verrett, another Haynes driver, testified that on July 11, 2000, he drove truck # 40 to Baton Rouge and back, returning it to the Haynes yard in the late afternoon. After he left the yard at 6:00 p.m., he did not drive a Haynes vehicle and was not involved in any accident that night.
 

 Winslow Thornton, a Haynes dispatcher on duty the day of the accident, averred that truck # 40 had made a round trip from New Orleans to Baton Rouge. He was the last dispatcher to leave at the end of the business day and when he left truck # 40 was parked in the Haynes yard and never dispatched again.
 

 Jeanne Staehle, a Haynes supervisor responsible for company operations, averred that the only Haynes employee working the night of the accident was assigned to truck # 51, which was permanently stationed at the Folger’s Coffee Plant. She averred that no Haynes vehicle was dispatched between 6:00 p.m. on |7July 11, 2000 and 4:00 a.m. on July 12, 2000, and no person had permission to use truck #40 the night of the accident.
 

 The evidence submitted clearly indicates that Mr. Verrett returned from Baton Rouge and parked truck # 40 in the Haynes yard by 6:00 p.m. on July 11, 2000, and it was not dispatched again that night. Moreover, the plaintiffs presented no evidence to show that either a Haynes em
 
 *970
 
 ployee or any other person had permission to use truck #40 on the night of the accident. Without such evidence, no genuine issues of material fact exist and summary judgment is appropriate as a matter of law. Also, Louisiana jurisprudence does not impose liability on the owner of a vehicle for injuries caused by someone using the vehicle without authorization.
 
 See Racine v. Moon’s Towing,
 
 2001-2837, p. 6 (La.5/14/02), 817 So.2d 21, 26 and
 
 Humphrey v. Balsamo,
 
 40,2000, 26 (La.App. 2 Cir. 11/8/05), 914 So.2d 1217, 1221.
 

 CONCLUSION
 

 Accordingly, for the reasons stated herein, we affirm the trial court judgments.
 

 AFFIRMED.
 

 [1]
 

 . The trial court rendered a partial summary judgment on June 16, 2006, dismissing Mr. Haynes d/b/a Haynes from the suit. The plaintiffs never appealed the June 16, 2006 judgment.
 

 [2]
 

 . LIGA filed this motion for summary judgment on behalf of the then insolvent Reliance Insurance Company. Although Reliance was not a defendant in the litigation, it had provided premises liability insurance to Haynes.
 

 [3]
 

 . La. C.C.P. art. 966 C provides:
 

 (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
 

 (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
 

 [4]
 

 . LIGA objected to the admissibility of the copy of the Employee Warning Notice on the basis that it lacked a supporting affidavit verifying it was from Haynes' personnel file on Mr. Coleman.
 

 [5]
 

 . The police report did not indicate the dates of the gas receipts.